# ANDREW GOSSE

*v.*

# CYPRIAN JONES.

1. SPECIFIC PERFORMANCE—*not decreed as of course.* Applications to a court of equity to enforce a specific performance of a contract are addressed to the sound legal discretion of the court, and will not be decreed as a matter of course, merely because a legal contract is shown to exist.

2. If a contract is vague and uncertain, or the evidence to establish it is insufficient, a specific performance will not be enforced.

3. Where a contract for the sale of land rests in parol, it must clearly appear that a contract of sale has been made, its terms must be clearly proved, and it must appear that they had been relied on and performed by the party seeking the enforcement of the contract, in order to entitle him to a decree for specific performance.

APPEAL from the Circuit Court of Bureau county; the Hon. E. S. LELAND, Judge, presiding.

Mr. J. I. TAYLOR, for the appellant.

Messrs. FARWELL & WARREN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in equity to compel the specific performance of an alleged parol contract for the sale of a lot of land in Bureau county.

It is an inflexible rule of this court, and the approved doctrine of all courts, in such cases, clear and satisfactory proof of the contract must be produced. Such applications addressed to a court of equity, whether the contract be in writing or in parol, are addressed to the sound legal discretion of the court, and it is not a matter of course that it will be decreed because a legal contract is shown to exist. If the contract be vague and uncertain, or the evidence to establish it insufficient, the court will not enforce it. *Fitzpatrick* v. *Beatty*, 1 Gilm. 454. And it was said in *Carver* v. *Lasater et al.* 36 Ill. 182, that an owner should not be divested of his title to land, by decreeing a specific performance of an alleged contract of sale, except upon clear proof. And where the contract rests in parol, it must clearly appear that a contract of sale was made, and its terms must be clearly proved, and it must appear that they have been relied on and performed by the party seeking its enforcement. *Hartwell et al.* v. *Black et al.* 48 id. 301.

The evidence in this record has been carefully examined, and we are not able to find in it any proof, of that clear and decisive character which should govern a court in the exercise of this discretion, that any contract of sale was ever made by appellant to the lot in question to the appellee.

Appellee was permitted to use the lot, and has used, for ten or more years, without paying any rent or any taxes upon it. The latter is pretty strong evidence that a party paying taxes on a lot of land has some claim to it as owner. Not paying the taxes for eleven years, tends to strengthen the conclusion that no sale was ever made or intended to be made.

The alleged payment of the purchase money is very unsatis-

factory.    The party swears that the purchase money was paid in butcher's meat, whilst the other party swears, most positively, that nothing was paid for the lot.

We are satisfied the evidence does not show a sale, however appellee may have understood it.    Appellant did not so understand it, and the proof of payment of the purchase money is not satisfactory.    The Statute of Frauds is pleaded, and it was designed to protect owners of land from claims of this sort, which might give occasion for false testimony.    The statute has been evaded more than once by judicial decrees, but never has it been disregarded, except in cases where the proof of the contract is clear and full, its terms complied with, the purchase money paid, possession taken, and valuable improvements made upon the land contracted to be sold.    This is going quite far enough, and it is more conducive to the best interests and welfare of society that the party complaining should be remitted to his remedy at law.

For the reasons given, the decree of the circuit court is reversed and the bill dismissed.

*Decree reversed*