ALBERT S. RACE

*v.*

CHARLES W. WESTON.

86    91
121   477
86    91
147   59
86    91
150   440
86    91
171   266

1. PAROL EVIDENCE — *to show fraud, accident, or mistake.* Parol evidence of the circumstances connected with a transaction, and the declared intention of the parties in executing a written agreement, is admissible for the purpose of showing fraud, accident, or mistake.

2. FRAUD — *delivery of contract contrary to agreement.* Where a party about exchanging property executed and put into the hands of the agent of the other party a contract for the conveyance of lots, with the agreement that such contract should not be delivered or recorded until the party executing the same should ascertain if certain representations made by the agent as to the property to be taken in exchange were true, the delivery of the contract and putting it on record before the signer has learned as to the truth of the representations is a fraud.

3. SPECIFIC PERFORMANCE — *when refused.* If it is doubtful whether an agreement has been concluded, or is a mere negotiation, a court of equity will not decree a specific performance; and especially is this so where the party attempting to enforce the contract has neither been let into possession nor done any act on the faith of the contract.

4. SAME — *refused for fraud.* Where a party was induced to execute an agreement for the conveyance of certain lots in consideration of the exchange of a certain leasehold interest in a certain building on another lot, upon the false representations of the agent of the other party that the building was eighty-four feet in length and twenty-four and one-half feet in width; that it cost in its erection $25,000, and that the leasehold interest cost $30,000, whereas, ·

in fact, the building was only seventy feet in length and twenty-three feet in width, and cost only between $16,500 and $17,000, and the other party, instead of paying $30,000 for the leasehold interest, received it in exchange for other property, and it appeared that the defendant, having no knowledge of the truth or falsity of these representations, and relying on them, signed the agreement to exchange property, it was *held*, that these representations were material, and, being false, the court properly refused a decree for specific performance.

5. SAME — *degree of proof to show fraud, etc.* It is not essential to establish fraud, imposition, or mistake with the same degree of certainty, in order to defeat a claim for specific performance, that is requisite on these grounds to defeat a recovery at law on the instrument, or to authorize a court of equity to cancel the same and rescind the contract.

6. SAME — *discretion.* Applications for specific performance are addressed to the sound discretion of the court, and it is not a matter of course that it will be decreed because a legal contract exists.

7. SAME — *agreement made under misapprehension.* Where a party executes a written agreement under a misapprehension of material facts, induced by the misrepresentation of the other party or his agent, a specific performance will be denied; and such other party can not be allowed to say the party thus imposed upon ought to have known his agent was guilty of falsehood.

APPEAL from the Superior Court of Cook County; the Hon. S. M. MOORE, Judge, presiding.

Messrs. TULEY, STILES & LEWIS, for the appellant.

Mr. E. G. ASAY, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The alleged contract, of which specific performance is here sought, is one whereby appellee was to convey certain lots in the city and suburbs of Chicago to appellant, in consideration that appellant conveyed to him a leasehold estate of twenty-five years' duration in a certain lot or sub-lot in the same city, with a four-story building thereon.

The contract on the part of appellant was, as were all preliminary negotiations in reference thereto, made by one Richard T. Race, his brother, acting as his agent.

Appellee denies that any contract in regard to the conveyance of the property was finally consummated. He admits the signing of an agreement by himself to that

effect, but claims that he did so with the express under-standing that it was not to be delivered to appellant or recorded, and was to be returned to him and canceled, unless, after making investigation in regard to the property to be conveyed by appellant, he should become satisfied of the truth of representations respecting it made by the agent, and be satisfied to take it; and that, on making such investigation, he became satisfied that the agent's represen-tations were false, and he determined not to take the property.

That parol evidence of the circumstances connected with the transaction, and the declared intention of the parties in executing the writing, is admissible for the purpose of showing fraud, accident, or mistake, is as well established as any other principle governing courts of equity in such cases. And it is obvious, if the writing was executed as claimed by appellee, it was a fraud upon him to deliver it and have it placed on record. Appellee and his attorney, Noyes, both testify that the writing was executed as he claims, and for no other purpose. Their evidence is clear and positive on this point. They are contradicted, however, by Richard T. Race, the agent, and by another witness. Without going into an analysis of the testimony on this point, it is sufficient to say we do not think appellee's ver-sion of the transaction clearly disproved. Richard T. Race, while not a party, is manifestly in a position to be affected by his passions quite as much as if he were a party; and the witness by whom he is corroborated, though pro-fessedly disinterested, does not, by the manner of his answers, leave us without misgivings as to his correctness.

The rule is, if it be doubtful whether an agreement has been concluded, or is a mere negotiation, a court of equity will not decree a specific performance; and especially is this so where, as here, the party attempting to enforce the contract has neither been let into possession nor done any act upon the faith of the contract. *Huddleston* v. *Briscoe,* 11 Ves. 583; *Carr* v. *Duvall,* 14 Pet. 83. Upon this point

alone, therefore, we are of opinion the court below was justified in refusing the relief prayed.

But appellee claims that Richard T. Race, before the signing of the agreement, represented that the building was eighty-four feet in length and twenty-four and one-half feet in width ; that it cost in its erection $25,000, and that appellant paid $30,000 for the leasehold interest.; that he had no knowledge of the facts, and trusted and implicitly relied upon these and other representations made by Richard T. Race in the negotiation ; that he signed the agreement believing them to be true, and would not have signed it if he had known they were false. That they were false is not controverted. The building is only seventy feet in length and twenty-three feet in width. It cost only between $16,500 and $17,000, and appellant, instead of paying $30,000 for the leasehold interest, received it in exchange for other property. Appellee and Noyes both testify that these statements of Richard T. Race were not made as mere matters of opinion or hearsay, but as positive facts ; and that appellee, in what he subsequently did, relied upon them as facts. It is quite clear they were material. The size, it is to be presumed, to a very considerable extent, would affect the actual value ; and a knowledge of the cost of construction would certainly afford some evidence of the value of the material and workmanship of the building. So, also, what had been paid for the leasehold interest would tend in some degree, though it may be slight, to show the market value of the property at that time.

It is not, as seems to be supposed by counsel in their argument, essential to establish fraud, imposition, or mistake with the same degree of certainty, in order to defeat a claim for specific performance, that is requisite, on these grounds, to defeat a recovery in an action at law on the instrument, or to authorize a court of equity to cancel the instrument and rescind the contract. Fry on Specific Performance, sec. 427.

Applications for specific performance are addressed to the

sound discretion of the court, and it is not a matter of course that it will be decreed because a legal contract exists. *Gosse* v. *Jones*, 73 Ill. 508; *Cusey et al.* v. *Hall*, 81 id. 160; *McCabe* v. *Crosier*, 69 id. 501; *Taylor* v. *Merrill*, 55 id. 52. The proof on which the right is based must be clear. *Ralls* v. *Ralls, Admr.* 82 id. 243. Unless the contract has been entered into with perfect fairness, and without misapprehension, misrepresentation, or oppression, and it will not be unjust or inequitable to enforce it, specific performance will not be decreed. *Fish* v. *Leser et al.* 69 id. 394.

It was said in an early case in this court (*Frisby et al.* v. *Ballance et al.* 4 Scam. 299): "It is not necessary, to authorize this court to refuse specific performance, that the agreement should be so tainted with fraud as to authorize a decree that it should be given up and canceled on that account;" citing *Matlock* v. *Buller*, 10 Ves. 292; *Miller* v. *Miller*, 16 Ves. 83; *Jones* v. *Slathan*, 3 Atk. 388. "A specific performance will not be decreed unless the agreement has been entered into with perfect fairness, and without misapprehension, misrepresentation, or oppression."

Tested by these principles, it would seem clear that the case, as made by the entire evidence, is against appellant.

For the purposes of this case we do not deem it of consequence that appellee was in the building, saw it, and might, had he so chosen, have measured it and correctly ascertained its dimensions, before signing the agreement. He is not shown to have had an accurate judgment of the size of a. building by simply looking at it and passing through it, and he testifies that he did not have such judgment. He had a right to rely, in that respect, on the word of Richard T. Race. He testifies that he did so rely; and doing so, whether he was as cautious or prudent as he ought to have been or not, he was under a material misapprehension when he signed the contract; and it does not lie in the mouth of appellant to say that he ought to have known his agent was.

guilty of falsehood. Conceding that the evidence does not clearly preponderate in favor of appellee in respect of these representations, it is nevertheless impossible for us to say the contrary is clearly established. And in this state of doubt and uncertainty the rule is it is better to leave the parties to their remedy at law, upon the contract.

We do not think it necessary to notice the other instances of misrepresentation claimed by appellee, and discussed in the briefs before us.

The decree is affirmed.

*Decree affirmed.*