## ELIZABETH A. LEONARD

*v.*

## J. McKENDREE CRANE *et al.*

*Filed at Mt. Vernon October 27, 1893.*

1. HOMESTEAD—*requisites to conveyance.* The estate of homestead can be relinquished only in the mode pointed out in the statute, or by abandonment. To pass such estate the deed must contain a clause waiving the right of homestead, and a similar clause must be contained in the acknowledgment of both husband and wife.

2. SAME—*proof in bill to restore a deed for a homestead.* Where a bill is filed to restore a deed, by which a conveyance of a homestead is sought to be consummated, the proof must be such as to show a deed sufficient to convey the homestead, not only by evidence of the relinquishment of the homestead in the body of the deed, but the certificate of acknowledgment must also contain a relinquishment of the homestead, acknowledged by both the husband and wife.

3. In the absence of proof that the acknowledgment of a deed by a husband and wife, of their homestead, which is destroyed, contained a clause relinquishing the homestead right, a court of equity can not decree the title as vested in the grantee by reason of the execution of the deed shown by the evidence.

4. SPECIFIC PERFORMANCE—*when refused.* A court of equity will not decree the specific performance of a contract, when it is founded in fraud, imposition or mistake, or when it will be unconscientious to enforce it.

5. It is not necessary, to authorize the court to refuse a specific performance, that the agreement shall be so tainted with fraud as to authorize a decree that it be delivered up and canceled on that account. Specific performance will not be decreed unless the agreement has been entered into with perfect fairness, and without misapprehension, misrepresentation or oppression.

6. SAME—*discretionary.* An application for the specific execution of a contract is addressed to the sound legal discretion of the court, and it is not a matter of course that it will be decreed because a legal contract is shown to exist.

7. Where a wife was induced to join with her husband in a deed of their homestead, by the promises and threats of the latter and the agent of the grantee, and by other unconscionable means, and she afterwards destroyed the deed, it was *held*, that a bill against the husband and wife to compel them to execute a deed in the place of the first was properly dismissed.

APPEAL from the Circuit Court of Jefferson county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

A bill was filed by appellant for specific performance, and substantially alleges that complainant, in consideration of certain personal property and a certain amount to be paid in cash, purchased a house and lot occupied by J. McKendree Crane and wife. It is alleged by the complainant that the contract was consummated by a deed having been signed by the parties, which was delivered to the husband of complainant, who was present with a notary public, by whom the acknowledgment was to be taken, and it is further claimed that the deed was acknowledged. It is further averred by the complainant that the wife of J. McKendree Crane, on the morning after the trade was consummated, got possession of the deed for the purpose of examining it, and refused to surrender the same, and subsequently destroyed it. A supplemental bill was filed, in which it is alleged that J. McKendree Crane and wife made a conveyance of the same lot to Isaac Crane, who, at the time, held a mortgage on the premises. It is further averred, that, after the conveyance to Isaac Crane, the premises were occupied by his tenant, and appellant commenced a proceeding in forcible detainer, and recovered a judgment against the tenant, which was not appealed from, and that said Isaac Crane had notice of the claim of appellant at the time he received a deed conveying the premises to him. The answer denies the execution and delivery of a deed conveying the premises to complainant, as alleged in her bill, and avers the premises were occupied as a homestead, and that the signing of the deed by the wife of J. McKendree Crane was procured by threatening to institute a lawsuit against her, and that, at the time of the signing of the said deed by said J. McKendree Crane, he was so intoxicated as to be wholly incapable and incompetent to do business, and the complainant had notice thereof.

A cross-bill was filed by Isaac Crane, which averred the conveyance of the premises to him by J. McKendree Crane and wife, and that he entered into possession of the same by placing on said premises his tenant, against whom proceedings were instituted in forcible detainer, and that said tenant conspired and colluded with the appellant to deprive the said Isaac of possession, and neglected to sign an appeal bond, and prays in said cross-bill for an accounting for rents, and that the possession of the premises may be restored to him.

A decree was entered dismissing the original and supplemental bills, and granting the relief prayed in the cross-bill of Isaac Crane, and appellant excepted and brings the record to this court by appeal.

Mr. JOHN H. BURTON, and Mr. ALBERT WATSON, for the appellant:

The certificate of an officer to the acknowledgment of a deed, to the effect that the grantors freely and voluntarily executed and delivered it, may not be questioned or impeached by the parol evidence of the grantors or the officer, either or both. *Tunison* v. *Chamblin*, 88 Ill. 378; *Jackson* v. *Miner*, 101 id. 550; *Watson* v. *Watson*, 118 id. 56; *Berdel* v. *Egan*, 125 id. 298; *Griffin* v. *Griffin*, id. 430.

The destruction of a delivered deed, whether accidental or intentional, criminal or with the best of motives, does not operate to re-vest title in the grantor.

With these two principles laid upon the case at bar, we find a deed duly acknowledged and delivered by McKendree Crane and wife to complainant, afterwards surreptitiously obtained, and, with a fallacious view of restoring title to Crane, destroyed, which entitled us to the specific relief prayed in the bill, viz., that the title should be declared by the chancellor vested in complainant by the destroyed deed.

The third legal principle we cite as being applicable to this case we think entitles us to the relief prayed as against Isaac

Crane, viz., that his deed be declared fraudulent and void, and be canceled by the decree of the court. That principle is, that a subsequent purchaser with notice of a prior conveyance or of prior equities, takes premises subject to the right of the prior grantee or claimant. *Slattery* v. *Rafferty*, 93 Ill. 277 ; *Houfes* v. *Schultz*, 2 Ill. App. 196.

To constitute sufficient delivery of a deed no particular formality need be observed. It is the intention that governs, as manifested by the surrounding circumstances. A deed may be delivered by words, without acts, or *vice versa*. No ceremony is necessary, and the delivery may be to an agent, or even to a stranger, for the grantee. Tiedeman on Real Prop. sec. 814 ; 3 Washburn on Real Prop. (4th ed.) 286 ; *Bryan* v. *Wash*, 2 Gilm. 557 ; *Gunnel* v. *Cockerill*, 79 Ill. 79 ; *Byars* v. *Spencer*, 101 id. 429 ; *McElroy* v. *Hiner*, 133 id. 156 ; *Stinson* v. *Anderson*, 96 id. 373 ; *Webber* v. *Christen*, 121 id. 91 ; *Otis* v. *Spencer*, 102 id. 622 ; *Cook* v. *Patrick*, 135 id. 499 ; *Hewitt* v. *Clark*, 91 id. 605.

The deed in question was complete when delivered to Leonard, for an acknowledgment is not a necessary part of a deed, as between the original parties. *Robinson* v. *Robinson*, 116 Ill. 250 ; *Semple* v. *Miles*, 2 Scam. 315.

A deed can not be delivered to the grantee or her agent in escrow. When such delivery is attempted the deed at once becomes absolute. *McCann* v. *Atherton*, 106 Ill. 31.

Any voluntary surrender of possession of a deed by the grantor to the grantee is conclusive upon the question of delivery. *Neely* v. *Lewis*, 5 Gilm. 31.

Where a deed is delivered to the grantee to take effect only upon certain conditions, the title will nevertheless pass with the delivery. *Webber* v. *Christen*, 121 Ill. 91 ; *People* v. *Bostwick*, 32 N. Y. 445.

In Illinois married women stand upon the same footing as men in relation to their contracts, and they can and should be compelled to execute deeds as though they were single or

were males.    *Snell* v. *Snell*, 123 Ill. 403 ; *Crum* v. *Sawyer,* 132 id. 443.

Mr. J. M. BURNHAM, and Mr. C. H. PATTEN, for the appellees :

The evidence shows a coalition or conspiracy to defraud a drunken man out of $150 in the value of the personal property in question, and also to intimidate, over-awe and force the signing of the deed to complainant, and hence is the unfair and reprehensible conduct condemned in a court of equity. *Taylor* v. *Merrill*, 55 Ill. 52 ; *Proudfoot* v. *Wightman*, 78 id. 553 ; *Race* v. *Weston*, 86 id. 91.

The conduct of appellant's agents merits severe condemnation, instead of approbation.    But Story says, "a party asking relief must stand upon some superior equity."    1 Story's Eq. Jur. 176.

The defendant may resist upon any ground that shows it inequitable to grant the relief asked.    1 Story's Eq. Jur. 769.

Application for specific performance of a contract is addressed to the sound discretion of the court, and will not be decreed, in equity, unless it has been entered into with perfect fairness, and without misapprehension, misrepresentation or oppression, nor, as a matter of course, because a legal contract is shown to exist.    *Fitzpatrick* v. *Beatty*, 1 Gilm. 454 ; *Broadwell* v. *Broadwell*, id. 599 ; *Race* v. *Weston*, 86 Ill. 91.

It requires much less strength on the part of the defendant to resist a bill to enforce a contract, than is required of the complainant to enforce performance.    1 Story's Eq. Jur. 769.

When a party does an act under threats, though short of duress, the deed will be set aside.    1 Story's Eq. Jur. 239.

Whatever the demerit of the drunkard himself, the other party has not the slightest ground to claim the protection of the court against his own immoral or fraudulent conduct.    1 Story's Eq. Jur. 230.

The want of proof that the certificate of acknowledgment contained any release of the homestead, rendered the supposed deed void. 1 Starr & Curtis' Stat. p. 589, sec. 28; p. 1103, sec. 4; *Patton* v. *Bradley,* 4 Bradw. 210; *Johnson* v. *Dunnivan,* 17 id. 59; *Richards* v. *Greene,* 73 Ill. 54; *Browning* v. *Harris,* 99 id. 456; *West* v. *Krebaum,* 88 id. 263.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

The evidence in this record clearly shows the premises were occupied by J. McKendree Crane and wife as a homestead, and were in value less than $1000. The testimony shows that a deed signed by J. McKendree Crane and wife contained a clause relinquishing the homestead right, but there is no evidence to show that the acknowledgment, as claimed to have been made by the notary public, contained any clause with that relinquishment. By the Conveyance act it is requisite that in the deed there shall be contained a clause waiving the right of homestead, and a similar clause must be contained in the acknowledgment of both the husband and wife, and the estate of homestead thus created can be relinquished only in the mode pointed out by the statute, or by abandonment. This rule is sustained by the uniform decisions of this court. *Richards et ux.* v. *Green,* 73 Ill. 54; *Eldridge* v. *Pierce et al.* 90 id. 474; *Trustees of Schools* v. *Hovey et ux.* 94 id. 394; *Browning et al.* v. *Harris et al.* 99 id. 456.

Where a bill is filed to restore a deed, by which deed a conveyance of the homestead is sought to be consummated, the proof must be such that it must show a deed that would be sufficient to convey the homestead, not only by evidence of the relinquishment of the homestead in the body of the deed, but the acknowledgment must contain a relinquishment of the homestead acknowledged by the husband and wife. The evidence also shows that the husband of the complainant, with a notary, accompanied J. McKendree Crane to his house, and that others subsequently came to the house, and for more

than one hour efforts were made to induce the wife to sign the deed, which had been prepared before the visit of the husband, with the notary, to the house, and the proof clearly shows that at the time J. McKendree Crane was much intoxicated, and that both he and complainant's husband sought to induce Mrs. Crane to sign the deed by persuasion, and that, further, complainant's husband said that he had purchased the property and that it would save her trouble if she would sign it, and that threats of abandonment were made by her husband, and other threats were made by him unless she signed the deed, and during this period of time of more than an hour, in which these efforts were made to induce the wife to sign this deed, she was seeking to have the execution of the deed put off until next morning, claiming that her husuand was too much intoxicated to do business; and claiming that it was the only home she had, and in tears begging for time to be allowed to consult with her father-in-law, but, overcome by the persistence with which the demand on her to execute the deed was made, she signed the deed, and just before signing, her husband gave her twenty dollars, which was to be her own, and that sum she tendered the husband of complainant on the next morning, when he offered to pay the balance of the purchase money, he having previously paid Crane twenty dollars. There is no evidence in the record showing any acknowledgment of the deed by her other than the simple signing of the same, nor is there evidence showing any inquiry made of her by the notary. On this state of facts a court of equity may well refuse specific performance.

It was held in *Fitzpatrick* v. *Beatty et al.* 1 Gilm. 454: "Nor will a court of equity decree a specific performance where the contract is founded on fraud, imposition or mistake, or where it would be unconscientious to enforce it." In *Frisby et al.* v. *Ballance et al.* 4 Scam. 287, it was held: "An application for the specific performance of a contract is addressed to the sound legal discretion of the court, and it is not a mat-

ter of course that it will be decreed because a legal contract is shown to exist. Indeed, the origin and ground of this jurisdiction is, that a compensation for damages is inadequate to the full measure of the parties' equitable rights. It is not necessary to authorize this court to refuse a specific performance, that the agreement should be so tainted with fraud as to authorize a decree that it should be given up and canceled on that account. * * * A specific performance will not be decreed unless the agreement has been entered into with perfect fairness, and without misapprehension, misrepresentation or oppression." To the same effect are *Race* v. *Weston*, 86 Ill. 91, and *Proudfoot* v. *Wightman*, 78 id. 553.

There is some conflict in the evidence as to whether the deed was taken from the table, after it was signed, by the notary public or by the husband and agent of complainant, but from the view we take of this record that question is immaterial.

The evidence in this record shows the personal property which was sought to be transferred as a part consideration was valued at $300 between Leonard and Crane, and the weight of proof shows that the value of the property was not to exceed $150; and this fact, in connection with the condition in which J. McKendree Crane was, and the circumstances under which the signature of the wife was obtained, are such that it would be unconscionable for a court of equity to order a conveyance to be made. In the absence of proof that the acknowledgment contained a clause relinquishing the rights of homestead, a court of equity can not decree the title as vested in the complainant by reason of the execution of the deed shown by the evidence. It was not error to dismiss the original and supplemental bills of complainant. And the complainant having wrongfully obtained possession of the premises as against Isaac Crane, and he being entitled to the same, it was not error to grant the relief prayed for in the cross-bill.

The decree is affirmed.

*Decree affirmed.*