The defendant in error was the plaintiff below. The action there brought was for specific performance of a contract for the sale of real and personal estate, made by the decedent a few days prior to his death. The issue as tried necessitated the consideration of a number of defenses to the contract among which were:
1. That the consideration named and set forth in the contract was grossly inadequate.
2. That the decedent at the time of the making of the contract was non compos mentis.
Upon the issues, the court below entered a decree for the plaintiff. This proceeding is to reverse such finding.
It is claimed by plaintiff in error that the court below erred in overruling the motion to set' aside its findings and judgment, and in refusing to grant a new trial, on the ground that same w.as not supported by sufficient evidence, and is contrary to law.
It is well settled that specific performance of a contract is a matter of grace depending upon the circumstances of each particular ease as it may appear, and courts of equity invariably *502 refuse to lend their aid, unless the clearest principles of equity and good conscience demand the enforcement of the particular contract. But if the court grants or refuses specific performance of a contract, a reviewing court will not disturb the finding, unless it can be made to appear that the finding below was erroneously reached—that it was based upon an error or misapprehension. After carefully reading the record, we are of the opinion that the'court below erred with reference to the probative value of certain evidence, that tended to show -a delusion on Wiening’s part, on the very subject-matter of the contract sought to be enforced, and further that error was committed with reference to the legal value of the testimony of Ebersole and Oesp-er relating to values (City v. Neff, 20 Bull., 8), and bearing on the element of gross inadequacy. As will appear from the view taken by us of- this case, this testimony was of a highly important character, and bore directly upon the very elements, which, in actions of this character, prompt courts- of equity to withhold relief leaving the parties to their usual remedies at law. The reading of the record showing all the facts disclosed in the case, -has led the court to -conclude that there was established in this case, by competent testimony, the following state of facts:
That the contract complained of was entered into by- the decedent with the plaintiff in error in 1904, when he was sixty7 three years of age; that prior to that time, the decedent had been a frugal and industrious teamster, and by the ex-ercise of rigid economy had accumulated about ten thousand dollars, including the real estate in question. That at the time of the transaction he was of feeble mind and incapable of engaging in a business transaction requiring the -exercise of skill or ability for the protection of his own interests. That the other contracting party was a man of much stronger mental capacity and was shrewd, and that by reason of liis shrewdness, overreached the decedent, Stroppel, and -obtained thereby real estate and personalty at a grossly inadequate price. The transaction called in question was concluded on the 23d day of March, and on the 25th day of the s-arne month, Stroppel was found dead, under circumstances which indicated self-destruction. *503 Tbe testimony further discloses facts that indicate to our mind that at the time of entering into the contract, Stroppel was possessed of delusions with respect to property, the subject-matter of the contract to be enforced, that indicated a mental aberration,, and disclosed delusions with reference to values of the property that unfitted him entirely to contract with relation thereto. The facts, therefore, as disclosed by the record, do not, in our judgment, necessitate a finding based upon the mere inadequacy of the consideration alone, but there are also other salient and suggestive facts that plainly indicate the necessity for the application of the. equitable doctrines, the principles of which were announced by Justice Cooley in 4.7 Mich., 454:
“If the contract was- unequal; if he has bought the property for a price which is wholly inadequate; if there is any indication of over-reaching or unfairness upon his part, the court will turn him over to his usual remedies.’.’
In Wingard v. Frey, Wright’s Reports, 105, Lane, Justice, said—
“Chancery will not enforce a specific performance of .a contract where there are indications of unfairness or fraud, but the parties will be left to their remedies at law. Disparity of price where no reason is shown for selling at a sacrifice, is a circumstance that will induce chancery tO' leave the parties to their legal remedy.”
The testimony recites facts which are offered as an excuse for the apparent inadequacy of consideration, and yet the testimony considered as a whole, does not, we think, afford a proper explanation for the strange and unnatural act of the theretofore industrious and frugal individual who suddenly determined to sc-11 the home and his property at what the court finds from the testimony was far below its market value. Men at that time of life are not accustomed to part with the accumulation of years, with property at a loss, where there is no apparent necessity. We believe that the conduct of the decedent is entirely incompatible with the theory that he was incapable of contracting at the time that the instrument was entered into; had delusions with respect- to property that unfitted him to trade with reference to it, and that all the facts considered, make it impossible to reconcile his conduct with the theory that he was *504 of sound mind at the time of the alleged agreement. When facts of this character are joined with inadequacy of consideration, equity will not fail to give relief (Pomeroy on Specific Performance, Section 179; Frey on Specific Performance, pages 235 and 252).
Andrew L. HerrUnger and John C. Healy, for plaintiff in error.
George 8. Baily, for defendant in error.
In Hughes v. Roth, 18 Circuit Court, 804, Judge Day rendering the opinion, said:
“Where the parties stand not on an equal footing, one being shrewd and keen, the other weak, obtuse and easily influenced, the contract appearing not fair and free, and being obtained by means that equity will not recognize, it will not be enforced.”
In Tracey v. Sackett, 10 O. S., 54, where the action was to set aside a deed and not for a specific performance, the syllabus is important as indicating the temper, of our Supreme Court on matters of this character:
“Acts and contracts of persons of weak understanding and who are, therefore, liable to imposition, will be held void in courts of equity, if the nature of the act or contract justifies the conclusion either that the party through undue influence has not exercised a deliberate judgment or has been imposed upon, or overcome by cunning or artifice. Where there is -imbecility or weakness of mind arising from old age, intemperance or other causes, or where there is weakness of mind and circumstances of undue influence and advantage in either case, a contract m'^y be set aside in equity; -approving 12 O. 75.” See also Albert v. O’Neill, 102 Penn. S., 312; 152 Penn. S., 529; 147 Ill., 52; 82 Appellate Division, 614; 4 Huston, 28: 69 Ill., 294.
Considering the case as an entirety and applying the rules indicated by the cases referred to, we are of the opinion that the language employed by the learned judge in 102 Penn., 302 (Albert v. O’Neil, at page 306), applied to the case at bar:
“It is sufficient to say that the facts and circumstances disclosed by the- testimony and uncontradicted, do not present in our judgment such a case as should induce a chancellor to enforce a specific performance of the contract”
Thus believing, we can not agree with the finding of the court below, and the same, therefore, is reversed.