## ROWLEY v. ROWLEY et al.

No. 19374. Opinion Filed July 8, 1930.

Commissioners' Opinion, Division No. 1.

J. M. Grubbs, for plaintiff in error.

Samuel A. Calhoun and J. W. Reece, for defendant in error Shackleford.

FOSTER, C. This action was begun in the district court of Payne county by Sarah R. Rowley to recover upon a promissory note in the sum of $800, and to foreclose a mortgage given to secure the note, which note and mortgage were executed on the 5th day of June, 1923, by Victor A. Rowley and his then wife, Alice Rowley, defendant in error here, the same being payable to A. B. Rowley and due one year after date. Soon after the execution of the note and mortgage, which mortgage covered certain real estate in the city of Cushing, Victor A. Rowley and the defendant in error became involved in domestic troubles and were divorced in the fall of 1923. The property covered by the mortgage was given to defendant in error by the divorce decree, together with certain other alimony. In February, 1924, A. B. Rowley, the mortgagee, assigned the mortgage to his wife, Sarah R. Rowley, as a method of settling his estate, and soon thereafter died.

The petition is in the usual form for the foreclosure of mortgages, both Victor A. Rowley and the defendant in error being made parties defendant. The defendant Victor Rowley filed an answer admitting the note and mortgage and confessing judgment. The defendant Alice Rowley Shackelford filed a separate answer, which consisted of a general denial and a specific denial of the assignment, and further alleged that the mortgage was obtained by duress and coercion practiced by her husband, Victor Rowley, at the time she executed the note and mortgage; that the mortgage was obtained without consideration, and that the plaintiff was estopped because of her knowledge of the divorce proceedings, at which trial the plaintiff was present and did not set up her mortgage at that time. The defendant further pleaded that she was the owner of the property by reason of a tax deed which she secured from a third party.

The plaintiff filed a reply to this answer in which she generally denied all the allegations of the answer, alleging that the mortgage was signed by the defendant in error of her own free will and accord, and that it was her duty to keep the taxes paid, and that the tax deed was obtained by fraud and collusion between defendant in error and one W. E. Malernee for the purpose of defeating the rights of the plaintiff.

The matter was tried to the court without the intervention of the jury and resulted in a judgment in favor of the defendant, from which the plaintiff appeals. The parties appear as they did in the court below.

The testimony discloses that the defendant and Victor Rowley were married in France during the World War, and came to the home of Victor Rowley's parents, near Cushing, soon thereafter; that they purchased the property upon which the mortgage is given, and were using the same as a homestead. The plaintiff's testimony shows that the money was secured for the purpose of paying off an indebtedness on the original purchase price of the property, and that the amount remaining was used by Victor Rowley in going to New York to meet the parents of the defendant, who were coming to the United States from France, and for use of the defendant and Victor Rowley. The testimony of the defendant is, in substance, that there was no money paid to Victor Rowley after the execution of the mortgage, and that the same was given for the purpose of getting rid of this defendant; that prior to the execution of the mortgage, Victor Rowley, in the presence of A. B. Rowley, his father, threatened to kill this defendant and her baby if she did not sign the mortgage. The divorce petition shows that the defendant obtained a divorce from Victor Rowley on account of extreme cruelty, consisting, in part, of threats to kill the defendant.

The trial court entered a general judgment in favor of the defendant, Alice Rowley Shackelford, relieving her from liability upon the note and discharging the property from the mortgage lien, but entered a personal judgment against Victor Rowley for the amount of the said note.

The contentions of the plaintiff are, in substance, as follows:

First. That the defendant's signature to the note and mortgage was not obtained by duress and coercion.

Second. That the note and mortgage were given for a valuable consideration.

Third. That the plaintiff and A. B. Rowley were not estopped by the divorce proceedings from asserting their claim under the mortgage.

Fourth. That the defendant acquired no title to the real estate by reason of the tax deed free from the mortgage incumbrance.

The statements upon which the defendant relies to constitute duress were those of Victor Rowley, to the effect that he would kill the defendant and her baby if she refused to sign the mortgage, and were made while the marriage relation existed. According to the defendant's testimony, these threats were made in the presence of A. B. Rowley, the mortgagee and father of Victor Rowley. Plaintiff contends that these statements were communications between a husband and wife, and were incompetent under section 589, subd. 3, C. O. S. 1921, which is as follows:

"The following persons shall be incompetent to testify: * * *

"3. Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

It is the contention of plaintiff that in the first part of this section there are exceptions which include transactions in which one spouse acts as the agent of the other, or when both are joint parties and have a joint interest in the action. But under the second part it is contended that in no case shall either be permitted to testify to any communications made by one to the other during the marriage.

The question of when a husband or wife can testify has been before this court many times. Following the statute, our court has often stated that a husband or wife cannot testify in any case to any communication made by one to the other.

The purpose of this statute is to protect and make more sacred the marriage rela-tion, and to make the husband or wife incompetent to testify to anything of a private or confidential nature that takes place between them. Certain cases are referred to in the brief of plaintiff where threats similar to those relied upon in the instant case were made between the husband and wife, and declared to be incompetent by the court. However, in those cases no outside person was present at the time the statements were made except minor children of the parties. We would hesitate to follow a rule, even though it be established by other courts, that would deny a wife the right to testify to threats constituting duress and coercion, even though made privately by her husband, which resulted in the execution of an instrument depriving her of valuable property rights. We do not believe that such was the intention of our statute.

However, in the instant case, if the defendant's testimony be true, these threats were made in the presence of Victor Rowley's father. 28 R. C. L., p. 528, par. 117, is as follows:

"Certainly, by making the communications in the presence of others, the husband and wife indicate in the most unambiguous manner that they do not regard it as confidential, and do not intend it to be so."

40 Cyc., par. E, p. 2359, is as follows:

"A communication between husband and wife in the presence and hearing of a third person is not so confidential as to be a privileged communication, unless such third person is a young child, or is otherwise totally incapable of comprehending what is being said, and either the husband or wife or the third person who was present may testify in regard thereto."

We think, where the communications, such as those in the instant case, are made in the presence of third persons, that our statute does not make the husband or wife incompetent to testify to same.

It is the contention of plaintiff that, since A. B. Rowley is dead, and under section 588, C. O. S. 1921, any communication had with a deceased person is incompetent, and the communication here relied upon being in the presence of a person who is now deceased, together with the fact that the communication was had between husband and wife, that the wife is incompetent to testify to such communications. With this contention we cannot agree. It might be that if the communication had been had between the deceased person and either the husband or wife, it might have been incompetent; but the communication was had between the hus-

band and wife in the presence of another person. The fact that the third person, who was present at the time the communication was had, is now deceased, we do not think would alter the rule.

It might be stated that certain communications between the original mortgagee, who is now deceased, were excluded by the trial court pursuant to section 588, supra.

It is further contended by the plaintiff that even though communications between the husband and wife are competent evidence, they are not sufficient to constitute duress and coercion under the facts in this case. What constitutes duress is defined in Huston v. Domeny, 70 Okla. 164, 173 Pac. 805, as follows:

"To constitute duress which will be regarded as sufficient to render the execution of a promissory note involuntary, there must be an actual or threatened exercise of power, possessed by the party benefiting thereby, for the purpose of obtaining the note, such as to deprive the maker of that quality of mind essential to the making of a contract."

From a careful examination of the evidence, we believe there is sufficient testimony to bring the case under the rule as announced in that case. Certainly, a threat to the effect that her husband would kill her and her baby would be sufficient to justify execution of an instrument, if she honestly believed the threat would be carried into execution did she not sign it. The fact that she soon thereafter secured a divorce from her husband, on grounds of extreme cruelty and threats to kill, corroborates her statement and justifies her belief that in all probability his threats would be executed.

The record further discloses that defendant was a woman of foreign birth and understood very little of the English language and ways of the American people. There is also some evidence to show that the plaintiff in this case, the mother of Victor Rowley, was desirous of getting rid of the defendant and advised her upon one occasion to leave and get out of the way.

There is also evidence showing no duress was exerted over the defendant. The fact that she did not mention any duress in the execution of this mortgage at the time she filed her divorce petition, which was only a few months after the mortgage was executed, and the further fact that she went to a bank and executed it in the presence of the cashier and did not show any signs of being under duress or coercion, and the fact that Victor Rowley testified that he never at any time exerted any duress or coercion over her and that she signed it of her own free will and accord, are all circumstances going to show that no duress was used. But from a consideration of all the testimony, we believe there is sufficient evidence in the record to support the finding of the trial court that duress and coercion were used.

As to the want of consideration, the defendant testified that neither she nor her husband, Victor Rowley, received anything for the execution of this note and mortgage. There is other testimony further showing that Victor did receive ample consideration. Be this as it may, if, as we have above found, the husband, with the consent and knowledge of the mortgagee, exerted duress and coercion over her, there would be no error in the finding of the trial court, although ample consideration was given, where it appears that she personally did not receive any of the consideration; at least, she did not receive it directly. We think that the assignment from A. B. Rowley to defendant was a method of settling his estate, and the same rule would apply as if A. B. Rowley were alive and bringing this action.

The question of whether the plaintiff was estopped by her actions at the time of the trial of the divorce, and the further question of whether the defendant obtained any rights by reason of the tax deed, become immaterial, owing to our holding on the first proposition.

For the reasons herein given, the judgment of the trial court is affirmed.

LEACH, DIFFENDAFFER, HERR, EAGLETON, and REID, Commissioners, concur.

By the Court: It is so ordered.