No. 17,795.

LEROY E. MILLER, ET AL. *v.* ANNA HIETT, ETC.
(298 P. [2d] 394)

Decided June 11, 1956.

Mr. RICHARD G. LUXFORD, Mr. ALBERT LATHAM, JR., for plaintiffs in error.

Mr. EMORY L. O'CONNELL, Mr. CECIL R. DITSCH, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error, who was defendant in the trial court, was the owner of a certain property in Arapahoe county designated as No. 4822 South Grant street, Englewood, Colorado, and described as lots 5 and 6, block 76, in Harlem Addition to Englewood. Plaintiffs allege that from April 27, 1948 to November 22, 1954, the time of the filing of the complaint, that defendant rented the property to them, and they went into occupancy on April 27, 1948, at which time, upon the payment of $100 to defendant they received the following receipt:

"27 April 1948    27 May

"Received $100.00 Rent for 4822 So. Grant with option to buy, full Price 7,500. Rent to aply, [apply] on Purc. price.

> "Anna Collins
> Englewood Colorado
> Box 54"

Plaintiffs further allege that from the above date to the time of the filing of the complaint they "have paid to the defendant approximately $6,900.00 in rentals for the above described property." They further allege that it is their desire to exercise the option to buy the above described property under the terms of the agreement above set forth, and pray that defendant be made to deliver to them a warranty deed upon the payment of the balance of the money due and owing defendant.

Defendant answered, pleading the statute of limitations and that the document relied upon is too vague, indefinite, ambiguous and uncertain to have any legal force or effect, and that there was lack of consideration for the alleged agreement. Plaintiffs contend that the instrument above quoted was an option which they could exercise at any time.

At a pretrial conference it was stipulated that defend-

ant had paid all taxes and insurance during the period involved. On the trial, plaintiff Nora B. Miller, who admittedly was the only one who knew the arrangements that were made with defendant, did not see fit, for some reason, to attend the trial or to have her testimony presented. Her husband, the other plaintiff, testified as to payment of the $100 and as to some checks drawn in favor of defendant, and that he wrote a memorandum on some of the checks in the lower left-hand corner, "House payment." He further testified as to a number of improvements plaintiffs had made on the property, but presented no bills or statements of the value of such improvements or of the payment therefor. There is no testimony concerning whether rent payments were forgiven at times for work and improvements alleged to have been made. There is no indication from the testimony as to when the marginal notation on the checks was made by defendant Leroy Miller.

This is an action for specific performance instituted by plaintiffs and we see little reason to discuss various other questions presented and therefore confine ourselves to a consideration of the quoted instrument upon which plaintiffs seek specific performance.

██ It is interesting to observe from the record that plaintiffs took possession as *tenants* upon the payment of the monthly rental indicated and now contend that the instrument is a mutually enforceable contract. This contention is untenable. There was a total lack of consideration paid by plaintiffs for any such right as they now claim. The only thing paid by them was the price agreed upon for one month's rent. If we accept plaintiffs' construction of the instrument, that all future rent was to apply on the purchase price, we must also find that plaintiffs obligated themselves to do nothing, not even to pay the rent, let alone purchase the property. They could have abandoned the entire matter at any time without obligation, and defendant would have had no recourse against them. There was no performance,

partial or otherwise, of any contract or agreement on their part. We believe and so hold that there is no such action as specific performance of an option which has not been exercised. Before it can be enforceable and a remedy invoked it must necessarily become a mutually binding and mutually enforceable contract. Such an instrument to be relied upon must have the elements that are enforceable by either party thereto. In the instant case defendant could not compel specific performance for the reason that plaintiffs had never contracted to do anything, and defendant would have no recourse for damages on account of a breach thereof. Plaintiffs never became liable for the full purchase price mentioned in the receipt; moreover, there was no tender of the difference between the amount admittedly paid as rent and the full purchase price mentioned in the receipt and which was necessary before an action for specific performance could be maintained.

Without further discussion we find that the judgment of the trial court dismissing plaintiffs' complaint was right and it is therefore affirmed.

Mr. Justice Moore dissents.

Mr. Justice Sparks did not participate in the consideration of this case.