Fred E. BOBO and Margaret L. Bobo,
Husband and Wife, Appellees,

v.

W. T. BIGBEE and Mary Dorlene Bigbee,
Husband and Wife, Appellants.

Fred E. BOBO and Margaret L. Bobo,
Husband and Wife, Appellants,

v.

W. T. BIGBEE and Mary Dorlene Bigbee,
Husband and Wife, Appellees.

Nos. 48275, 48342.

Supreme Court of Oklahoma.

March 30, 1976.

James O. Braly, Durant, for appellees in Case No. 48275 and appellants in Case No. 48342.

P. Dean Spears, Spears & Hatch, Inc., Durant, for appellants in Case No. 48275 and appellees in Case No. 48342.

DOOLIN, Justice.

This is a consolidation of two appeals from the same case in the court below, one by plaintiffs and the other by defendants. The trial involved a suit for specific performance of a real estate option contract by the Buyers. Trial was held on November 1, 1974 and at that time the court took the matter under advisement. The journal entry was filed March 12, 1975 finding for the Buyers. On March 13, 1975, defendant Sellers filed a motion for new trial and on the next day plaintiff Buyers filed a motion to dismiss Sellers' motion for new trial on the grounds that it was not timely filed. The trial court overruled Buyers' motion to dismiss. They appeal from this ruling in case No. 48,275. The court then proceeded to overrule Sellers' motion for new trial and they also appeal in case No. 48,342. This Court directed these two causes be designated as companion cases to be considered together on appeal.

Initially we will dispose of Buyers' appeal. They urge the trial court erred in overruling their motion to dismiss Sellers' motion for new trial because it was not filed within 10 days after judgment as required by 12 O.S.1971 § 653.

On December 10, 1974, after taking the case under advisement, the trial court orally told the attorney for Buyers he was ruling in their favor. The judge entered the following on the appearance docket for that day: "Enter order findings of fact

and conclusions of law and Judgment as per J. E." Attorney for the Sellers was not present, consequently the judge requested Buyers' attorney complied with the request and to further advise Sellers of the ruling.

Buyers' attorney complied with the request by writing a letter [1] to Sellers' attorney on December 12, 1974 to advise him of the ruling.

Upon receiving the letter, Sellers' attorney checked the appearance docket and also conferred with the judge who he alleges advised him the judgment would be dated the date the journal entry was prepared, from which time he could perfect his appeal.

Buyers' claim the journal entry is not the judgment and further that the judgment was in fact, rendered December 10, 1974, the day the minute was filed, defendant having notice of this order per attorney's letter. Sellers claim since there was no judgment rendered from the bench on the day of trial and no further hearing, judgment was not pronounced until March 12, 1975, the date of the journal entry. This is the basis of a Second Motion to Dismiss filed October 23, 1975, in this Court by Buyers.

12 O.S.1971 Chap. 15 App. 2 Rule 1.-11(b) provides:

"(I)f the case is tried to the court, judgment is deemed rendered when its terms are completely pronounced by the judge and clearly resolve all the issues in controversy."

■ Sellers submit the two cases cited under this rule, *Shaw v. Sturgeon*, 304 P. 2d 341 (Okl.1956) and *Emerson v. Lewis*, 274 P.2d 529 (Okl.1954) support their position. We agree with sellers. A judgment is not pronounced until a final determina-

tion has resolved all the issues. In this case neither the minute nor the letter was a judgment.

■ Although a judgment need not be spoken from the bench, it must announce a decision resolving the issues to both parties. Implicit in the trial court's overruling of Buyers' motion to dismiss is a finding the decision was rendered on date of journal entry and that the motion for new trial was timely.

We therefore affirm trial court in appeal No. 48,275 and hold judgment was pronounced on March 12, 1975, the date of the journal entry. By virtue of this ruling Sellers' motion for new trial and commencement of appeal from that judgment are timely. Buyers' Second Motion to Dismiss is hereby overruled.

Having denied Buyers' appeal, we now reach the questions of error on the part of the trial court in granting specific performance to plaintiff Buyers in appeal No. 48,342 by Sellers.

At trial Buyers offered into evidence, among other things, the option contract dated June 14, 1972, a letter from Sellers to Buyers dated July 17, 1972, revoking the option and Buyers' letter of August 31, 1972, accepting the option.

The option contract provided:

"In consideration of the sum of $1.00 in hand paid and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the undersigned * * * * * * hereby grants to the said Buyer the exclusive and irrevocable option and right to purchase, under the conditions hereinafter provided the following-described property, * * * * * *

1. "On Tuesday, December 10, 1974, Judge Taylor advised me that he had ruled in favor of the plaintiffs in the above case and asked me to prepare Finding of Fact, Conclusions of Law and Judgment.

I thought I would advise you of the Court's entry of the minutes so that you could be considering whatever action, if any, you wish

to take, however, I have not had time to finish the Finding of Fact, Conclusions of Law and Judgment, but as soon as I have them drafted and present them to the Court for its approval, I will send you a copy. Yours very truly,

SPEARS & HATCH,
Dean Spears."

It further provided:

This option is given to enable the Buyer to obtain a loan insured or made by the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (hereinafter called the 'Government') for the purchase of said property. It is agreed that the Buyer's efforts to obtain a loan constitute a part of the consideration for this option and any down payment will be refunded if a loan cannot be processed by FHA or cannot be obtained from another source.

The total purchase price for said property is $67,800.00: said amount includes the $1.00 mentioned in paragraph 1.

\* \* \* \* \* \*

The option may be exercised by the Buyer, at any time while the offer herein shall remain in force, by mailing, telegraphing or delivering in person a written notice of acceptance of the offer herein to W. T. Bigbee at Rural Route 2, in the city of Durant, County of Bryan, State of Oklahoma, 74701. The offer herein shall remain irrevocable for a period of three months from the date hereof \* \* \* \* \* \* \* \*"

The contract was signed by Mr. Bigbee and Mrs. Bigbee as Sellers and by Mr. Bobo and Mrs. Bobo as Buyers. It is not contested that the contract is what it is purported to be or that the signatures are genuine.

Sellers refused to convey the property, claiming the contract was invalid and thus their revocation of July 17 was effective. Buyers then instituted the present action for specific performance, attorney's fees and a second clause of action for damages which was later dismissed.

Sellers answered with a general denial claiming Seller wife never agreed to convey the property, never received any consideration for the option, and was induced to sign the contract through misrepresentation and fraudulent acts of the Buyers. Seller wife further relies on the fact that the property is their homestead and subject to the constitutional requirement [2] that the wife must consent to the sale of a homestead before it can be conveyed.

At trial it was revealed that Mr. Bobo (Buyer) stopped at the home of Sellers to inquire about some other land purported to be for sale. What transpired following this initial confrontation is unclear. Although the court was sitting in equity and no jury was present Sellers were not allowed testimony as to any acts or conversations leading to the execution of the contract, as to the homestead character of the property, misrepresentation, unequal bargaining power or failure of consideration. The trial court's rulings were inconsistent and offers of proof were refused. Throughout the trial the court continually sustained Buyers' objections to any questions by Sellers' attorney intended to solicit testimony as to circumstances leading to the signing of the contract. Mrs. Bigbee (Seller) was allowed to testify she did not sign contract of her own will (she was not permitted to answer questions directed toward allegations as to misrepresentation or overreaching). Sellers' defense as stated in their answer was based in part on misrepresentation and fraud on the part of the Buyers and as an example, the court did not permit testimony in reference to a phone call from Buyers' attorney to Seller wife. The court based its rulings on the unambiguous nature of the contract thus prohibiting admissions of any testimony re-

2. Art. 12 § 2: Constitution of State of Oklahoma.

The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, Nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

garding the execution based on the parol evidence rule.

Notwithstanding its refsual to allow any testimony to the contrary, the trial court found that the execution of the contract was free and voluntary, supported by good and valuable consideration, the attempted rescission was null and void and that all of the allegations and pleas contained in the Sellers' answer were without merit. Judgment was rendered for the Buyers for specific performance, with costs and attorney's fees to be paid by Sellers. Defendants' motion for a new trial was overruled and they appeal from this ruling.

Sellers' motion for new trial was based on the grounds "that the decision of the court was contrary to law and to the evidence." Their petition in error alleges the findings of the trial court were in error in that:

(1) The consent of the parties was not free, mutual and communicated by each to the other.

(2) There was no definite and unconditional offer to sell her homestead by Mrs. Bigbee.

(3) Mrs. Bigbee did not consent, in the manner prescribed by law, to sell her homestead.

(4) Fraud and undue influence were used to induce Mrs. Bigbee to sign the contract.

(5) The trial court erred in refusing to permit Mr. Bigbee and Mrs. Bigbee, appellants to testify as offered.

We can express no opinion as to the validity of errors 1 through 4 since the transcript indicates that testimony needed to prove these allegations was refused. We agree with error No. 5 and reverse and remand with directions to allow defendants to introduce evidence as to lack of consent by Mrs. Bigbee to sell her homestead, fraud, undue influence or misrepresentation on the part of the Buyers and failure of consideration.

On appeal Sellers claim if they were allowed to testify fully they would prove the contract was signed as a result of misrepresentation and fraud on the part of the Buyers in that Sellers were advised by Buyers' attorney that the signatures were necessary solely in order for plaintiff to acquire a loan. They would also prove there was no consideration for the option contract as required by law.

Defendants further claim they would prove that Mrs. Bigbee never agreed to the sale of the homestead, that in fact she was never consulted and was coerced into signing the option contract and at all times objected to the sale. As such she never consented to the sale as required by law and the Constitution of the State of Oklahoma Art. 12 § 2 supra, making the contract null and void. Act 12 § 2 states "nor shall the owner, if married, sell the homestead without the *consent* of his or her spouse, given in such manner as may be prescribed by law." (Emphasis supplied). 15 O.S.1971 § 53 states:

> "An apparent consent is not real or free when obtained through: 1. Duress, 2. Menace, 3. Fraud, 4. Undue influence; or, Mistake."

Although we would hesitate to go as far as a few of our sister states and declare that an executory contract to sell a homestead is not specifically enforceable, *Cox v. Messer*, 469 S.W.2d 611 (Tex.Civ. App.1971); *Alexander v. Hanover Fire Insurance Company of New York*, 346 S. W.2d 667 (Tex.Civ.App.1961) we must scrutinize the circumstances carefully and unless certain, fair and executed without fraud, misrepresentation or duress, specific performance will not be granted. Specific performance is not a matter of right but is controlled by the principles of equity.

Fraud and overreaching are grounds for denial of specific performance, *Hubbard v. Bryson*, 474 P.2d 407 (Okl. 1970). Specific performance also will be refused if it is shown that because of threats or undue influence, Sellers' assent to the contract was not freely given. *Leonard v. Crane*, 147 Ill. 52, 35 N.E. 474

(1893); *Collier v. Tatum,* 230 Ala. 218, 160 So. 530 (1935); *Coons v. Coons,* 128 Okl. 172, 261 P. 944 (1927); *Rowley v. Rowley,* 144 Okl. 157, 290 P. 181 (1930). In *Watkins v. Grady County Soil and Water Conservation District,* 438 P.2d 491 (Okl.1968) this Court cancelled an easement which was granted as a result of material misrepresentations, even though not made with fraudulent intent, saying this is sufficient ground for rescission and cancellation in equity. Equity will not specifically enforce a contract for sale of land, whether just or unjust if unfairly obtained. *Schaeffer v. Jones,* 293 Pa. 529, 143 A. 197 (1928).

 It is competent to show by parol evidence that a contract was procured by misrepresentation or fraud where they are pleaded and relied upon as a defense. This type testimony does not fall within the parol evidence rule because such evidence is not an attempt to vary the terms of a written contract. *Colonial Jewelry Company v. Jones,* 36 Okl. 788, 127 P. 405; *Bredouw v. Jones,* 431 P.2d 413 (Okl. 1966); *American Trust Company v. Chitty,* 36 Okl. 479, 129 P. 51 (Okl.1912). Also see *Basden v. Mills,* 472 P.2d 889 (Okl.1970) and annotation at 56 A.L.R. 87.

 If the execution of a contract is alleged to have been secured by misrepresentation, a party is allowed to state so. The trial court's refusal of such evidence was error.

 Defendants next claim if they were allowed to testify fully they would prove that Mrs. Bigbee never received any consideration for the option from plaintiffs or anyone on their behalf. An option to purchase real property conveys no interest in the real property, *Melcher v. Camp,* 435 P.2d 107 (Okl.1967). Options to purchase land are not in favor in some courts of equity, and courts have held that it is inaccurate to speak of specific performance of an option contract. As long as the option remains unaccepted it is unilateral and considered as an offer only, but when the op-

tionee has made his election and the contract has ceased to be an option and has ripened into a mutually enforceable bilateral contract, it becomes subject to specific performance. *Davenport v. Doyle Petroleum Corporation,* 190 Okl. 548, 126 P.2d 57 (1942); *Sohio Petroleum Company v. Brannan,* 205 Okl. 1, 235 P.2d 279 (1951); *Cloud v. Winn,* 303 P.2d 305 (Okl.1956). Also see *Rude v. Levy,* 43 Colo. 482, 96 P. 560 (1908); *Columbia Savings and Loan Association v. Counce,* 167 Colo. 365, 447 P.2d 977 (1968); *Chapman v. Breeze,* 355 Mo. 873, 198 S.W.2d 717 (1947); *Caras v. Parker,* 149 Cal.App.2d 621, 309 P.2d 104 (1957). Only when optionee has exercised his option may he be entitled to a decree for specific performance. *Lincoln Land and Development Company v. Thompson,* 26 Utah 2d 324, 489 P.2d 426 (1971); *Miller v. Hiett,* 133 Colo. 576, 298 P.2d 394 (1956).

 In an action for specific performance of a contract executed on a United States Department of Agriculture Farmers Home Administration form, as is the contract we are here considering, this Court held if the $1.00 were actually paid and the consideration for the purchase of the property was adequate, the consideration for the option to purchase the property, however small, is binding on the optionor in absence of fraud. *Brooks v. LeGrand,* 435 P.2d 142 (Okl.1967); *Powell v. Moore,* 204 Okl. 505, 231 P.2d 695 (1951). If the consideration were not actually received as claimed by the Sellers, the attempt at revocation of the option before the acceptance by the Buyers must be considered to have been legally successful.

 Parol evidence is admissible to show failure of consideration as a defense to specific performance, *Ford v. McGregor,* 314 Ky. 116, 234 S.W.2d 493 (1950), and a recital in a written agreement that a stated consideration has been given may be contradicted by parol. *Strickland v. Hetherington,* 353 P.2d 138 (Okl.1960). Defendants pleaded failure of

consideration as a defense and should be permitted to prove it. Defendants must be permitted to present evidence to support their theories of defense.

Case No. 48342—REVERSED AND REMANDED.

Case No. 48275—AFFIRMED.

All the Justices concur.