**NEWBEGIN v. NEWTON NAT. BANK OF NEWTON et al.**

(Circuit Court of Appeals, Eighth Circuit. January 16, 1895.)

No. 461.

1. DECEIT—SUBSCRIPTION FOR INCREASE OF BANK STOCK.

One induced to subscribe for certificates alleged to represent an increase of the capital stock of a national bank, at a time when no increase had been authorized, upon false representations of the cashier as to the bank's condition and ability to pay dividends, it being in fact insolvent at the time, is entitled to a judgment against the bank and its receiver for the purchase money paid.

2. LACHES—WHAT CONSTITUTES.

In an action against a national bank and its receiver to recover money paid under false representations, as a subscription for an increase of capital stock, a jury being waived, the court found facts clearly entitling plaintiff to recover. It then further found that the certificates of stock were issued on July 22, 1890; that the bank had no authority to issue such certificates; that the increase of stock was not authorized until the 24th day of September, 1890; that plaintiff was guilty of laches in not returning said certificates and demanding his money until after the bank had passed into the hands of a receiver, and in not bringing his action to recover said money sooner. The court thereupon rendered judgment for defendants. *Held,* that there was nothing in the finding sufficient to support the conclusion as to laches, and that the judgment must be reversed.

In Error to the Circuit Court of the United States for the District of Kansas.

This was an action by Henry Newbegin against the Newton National Bank of Newton and John Watts, receiver thereof, to recover money alleged to have been paid by reason of false representations. In the circuit court a jury was waived in writing, and the court, having found the facts, rendered judgment for defendants. Plaintiff brings error.

The facts, as found by the court, were "that plaintiff, on or about the 1st day of June, 1890, paid to the defendant the Newton National Bank the sum of $6,683.60 in payment for the 62 shares of the increase capital stock of the said bank; that said bank had made application for permission to increase the capital stock of said bank from $100,000 to $200,000; that plaintiff had been induced to subscribe for said shares by the representations of C. R. McLain, the cashier of defendant bank; that said C. R. McLain represented said bank to be in good condition, having no bad debts, and that said increase of capital stock would pay dividends; that said representations induced said plaintiff to subscribe for said stock; that said representations were false; that said bank was, at the time said representations were made, insolvent, and that the certificates of stock were issued on July 22, 1890; that the bank had no authority to issue such certificates; that the increase of said stock from $100,000 to $200,000 was not authorized until the 24th day of September, 1890; that plaintiff was guilty of laches in not returning said certificates and demanding his money until after the bank had passed into the hands of a receiver, and in not bringing his action to recover said money sooner." Upon the facts thus stated, it was announced that "the court doth find, as a conclusion of law, that defendant is, by reason of the laches of plaintiff, entitled to recover, and thereupon renders judgment for defendant as follows," etc.

Henry Newbegin and Samuel R. Peters, for plaintiff in error.

C. S. Bowman and C. Bucher, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. This case appears to have been tried by the circuit court under a written stipulation of the parties waiving a jury, pursuant to sections 649 and 700 of the Revised Statutes. The circuit court made and filed a special finding of the facts, and ordered a judgment to be entered against the plaintiff in error, who was also the plaintiff in the trial court. An inspection of the special finding of facts, as contained in the record, discloses to this court that the facts found are insufficient to sustain the judgment. The circuit court first found the existence of certain facts which clearly entitled the plaintiff to a judgment, and thereafter found that the plaintiff's right of action was barred on the ground of laches. But no facts were found by the circuit court which are sufficient to support the conclusion that the plaintiff's right of action was barred by laches. For these reasons the judgment of the circuit court is reversed, and the cause is remanded, with directions to award a new trial.