[No. 8097.   Department Two.   December 15, 1909.]

## G. H. CUNNINGHAM, *Appellant*, v. FRANK W. B. MORRIS et al., *Respondents*.[1]

CORPORATIONS—SUBSCRIPTION TO STOCK—NOTES FOR PRICE—DEFENSES—FRAUD—ESTOPPEL. Statements in fine print in a signed application to purchase corporate stock do not estop the maker of promissory notes given for the price of the stock from setting up the defense of want of consideration and fraudulent representations, although technically construed the statements might be deemed admissions contrary to the facts proven.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 7, 1909, upon findings

[1] Reported in 105 Pac. 839.

in favor of the defendants, after a trial on the merits before the court without a jury, in an action on a promissory note. Affirmed.

*Carrico & Durk*, for appellant.

*Shorett & Shorett*, for respondents.

PARKER, J.—The appellant commenced this action in the superior court to recover from respondents the sum of $2,000, alleged by him to be due upon a promissory note executed and delivered to him by respondent Frank W. B. Morris, on January 29, 1908, in payment of 8,000 shares of the capital stock of the Geminoid Manufacturing Company, a corporation, on that day sold and issued to him by appellant, acting in behalf of said company as its president and general stock sales agent. The respondents, by their answer, pleaded as a defense want of consideration and fraudulent representations made to respondent Frank W. B. Morris by appellant at the time inducing the purchase of the stock and giving of the note. A trial before the court without a jury resulted in findings and judgment in favor of defendants, from which plaintiff has appealed to this court.

The record shows that while the note was executed to appellant as payee, he was, in the original transaction and is in the prosecution of this cause, acting for the company. Upon the question of want of consideration and fraudulent representations, the court found as follows:

"That there was no consideration for said note except the issuance of certain shares of stock, which were tendered back to said plaintiff and to said company, and the following representations were made to the defendant, Frank W. B. Morris, by the plaintiff who was then acting as agent of said corporation; that the company was engaged in the manufacturing business in this city; that it owned its own factory site; that it was about to erect a factory on said site for the purpose of manufacturing said goods, and that the company was on a sound financial basis and had abundance of money back of it to carry out said plans.

"That said representations were false and known to be so by the plaintiff at the time. That the company was not engaged in the manufacturing business in this city, and it never engaged in the manufacturing business as aforesaid at any time or in any place; that it did not own its factory site then and had never owned a factory site in King county; that it did not erect a factory on said site and did not erect a factory on any other site for the purpose of manufacturing rubber goods; that the company was not on a sound financial basis then and never has been able to carry out its plans.

"That the defendants were ignorant of the fact and believed and relied upon said representations and were thereby induced to purchase said stock and give said note, it being understood and agreed that unless the purposes for which the company was organized, namely, the building of a factory and the manufacturing of goods were not carried out within a period of sixty days, then said note was to be returned to said defendants, and they were to turn over said stock and the agreement between said parties to be null and void and of no effect.

"That when said Frank W. B. Morris learned that said company was a fraud and had no factory site, he tendered back his stock and demanded the cancellation of said note, and upon refusal to take said stock and return said note he tendered said stock into the court for the benefit of said plaintiff and company."

From which it concluded there was no consideration for the execution of the note.

These findings were excepted to by appellant, but a careful reading of all the evidence convinces us that they are all abundantly supported thereby. Indeed, a statement of the bare ultimate facts in the conventional form of legal findings seems ill suited to the telling of the true story revealed by this evidence. The graphic language of fiction would be more appropriate to the subject. We do not have before us the articles of incorporation of this company showing the object of its organization, which probably state some lawful purpose; but from this evidence it is plain the trial court was fully justified in characterizing the company and its business as a fraud.

. Appellant contends that respondents are estopped to defend against this note upon the ground of want of consideration and fraudulent representations inducing its execution in payment of the stock, because of certain statements in the printed form of order or application therefor furnished by Cunningham and addressed to the company, signed by respondent Frank W. B. Morris, at the time, which it is contended constituted the entire contract of purchase of the stock. We think, however, in view of all the facts and circumstances disclosed by the evidence, respondents were entitled to invoke this defense, which is so fully proven, notwithstanding there are statements in the signed order, embodied in paragraphs of much finer print than other portions thereof, which technically construed might be deemed an admission of facts contrary to those here proven in support of this affirmative defense. The judgment of the learned trial court is eminently just. It is affirmed.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.