**John T. Briggs et al., Appellees, v. Matt G. Reynolds et al., Appellants.**

1. CORPORATIONS—*fraud on subscribers.* Where promoters and officers of a corporation agree with subscribers for stock that money and notes therefor shall remain in Illinois until the proposed corporation obtains a license from another state to do business therein, it is a fraud on such subscribers if certificates of deposit for such money are issued in the name of the corporation and with such notes are sent out of Illinois before such license is obtained.

2. CORPORATIONS—*situs of stock subscriptions.* Where subscribers for stock of a corporation to. be organized in Missouri are entitled to have their subscriptions canceled for fraud, and it was agreed that the proceeds of such subscriptions should remain in Illinois until a license to do business was obtained in Missouri, the fact that receivers are appointed in Missouri does not justify the taking of such proceeds in Illinois by such receivers when they are appointed before authority to do business was obtained by the proposed corporation, since in equity the situs of the proceeds remained in Illinois.

3. EVIDENCE—*parol.* In equity where fraud in securing stock subscriptions is alleged, parol evidence is admissible to add to the terms of the written subscription.

4. RECEIVERS—*competency to act.* A party to a suit or a master in chancery is incompetent to act as receiver.

5. RECEIVERS—*when appointment of one incompetent to act harmless error.* The appointment of a master in chancery, who is a party to the suit, as receiver, is harmless error if the decree is otherwise harmless.

6. DECREES—*when erroneous.* Where a bill in the circuit court only asks relief concerning moneys and notes given by the complainants for stock of a proposed foreign corporation, which are held by a bank and by a trustee, a decree is erroneous which directs such bank and such trustee to turn over to the receiver appointed by the court all moneys, notes and. papers in their possession claimed by receivers of such proposed corporation appointed in a foreign jurisdiction, when the record shows that there are subscribers to the stock of such corporation residing in the county who paid money or gave notes on their subscriptions but are not parties to the suit, and that there is more money on deposit in such. bank than complainants paid on their subscriptions.

7. COURTS—*delegation of duties.* A decree is erroneous which directs a receiver to fix and retain his compensation as receiver and to fix and pay his solicitors' fees.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1912. Reversed in part and remanded with directions. Opinion filed October 15, 1912.

Statement by the Court. John T. Briggs and fifteen other persons filed their bill in the Circuit Court of Pike County against Matt G. Reynolds, receiver, D. Lacey Crawford, receiver, the Continental Life Assurance Company, the First National Bank of Pittsfield,

Illinois, Harry B. Gardner, Walter J. Miller and Portis P. Shaw.

The allegations of the bill are that complainants are residents of Pike County; that Portis P. Shaw, a resident of Missouri, agent for Walter J. Miller, Harry B. Gordon and others, who were the promoters, officers and managers of the Continental Life Assurance Company and the International Fire Assurance Company of the city of St. Louis, Missouri, two proposed corporations then being organized under the laws of the State of Missouri, for the purpose of doing life and fire insurance business, respectively, heretofore solicited your orators and each of them to purchase shares of the capital stock of one or the other or both of said proposed corporations; that to induce your orators to purchase stock of said proposed corporations, the said Shaw acting as agent with the authority of said promoters and managers made to each of them certain statements and agreements; that said statements and agreements, and the truth of the same and the carrying out of such agreements were essential elements and a valuable consideration and a necessary part of the agreements entered into, when said shares of stock of said proposed corporations were purchased or subscribed for by your orators.

That among the statements made by said Shaw to induce your orators to purchase or subscribe for such stock in said proposed companies, which were binding on said companies, were, that all the shares of stock of said proposed corporations were being sold at the uniform and unvarying price of thirty dollars per share, the price agreed upon or paid for each share of stock to be issued to your orators and each of them, and that no stock had been or would be sold at a lower price than that to be paid by your orators to-wit, thirty dollars for each share; that a restriction was put upon all sellers of stock of said corporations, whereby no more then twenty per cent. of the purchase price could be charged for selling said shares

of stock and the balance of the amount would be put into the business of said corporations; that eighty-five per cent. of the stock of the corporations had been sold at a net cost of fourteen per cent. of the purchase price; that as a further consideration of the purchase of said stock, it was agreed between your orators and said proposed companies through said Shaw that all money received for said shares of stock paid for by your orators should be deposited in the First National Bank of Pittsfield and would not be removed from said bank to the home offices of said proposed corporations in St. Louis, until said companies secured a license from the State of Missouri to do business, but would be loaned for said corporations by L. A. Chamberlain, assistant cashier of said bank, who was to be appointed trustee for said corporations.

That your orators relying on said statements and agreements subscribed for a large number of shares of the stock of said corporations to-wit; one hundred and twenty shares at thirty dollars per share and paid for the same in cash or in notes and cash, and that since the purchase of said stock by your orators disputes have arisen between said Miller, Gardner and others connected with said proposed corporations, and lawsuits have been instituted in the circuit courts of the city of St. Louis and by an order of one of said courts Matt G. Reynolds has been appointed receiver of the proposed Continental Life Assurance Company, and D. Lacey Crawford has been appointed receiver of the International Fire Assurance Company.

That since the appointment of these receivers it has been discovered that Miller, Gardner, and others in charge of the organization of said proposed corporations have not attempted to complete the organization of said proposed corporations and have dishonestly used all the money that came to their possession for pretended salaries, fees and personal investments.

That the sale of said stock through said agents was a fraud on your orators, and each of them, by said

officers and managers, and at the time of said sales they had already knowingly, wilfully and dishonestly mismanaged the affairs of said companies and misappropriated all funds received for stock so that it is impossible to complete the organization or to procure a license to do business from the State of Missouri, and the only thing that the receivers can do is to close up the affairs of said corporations by collecting and distributing whatever sums can be collected from the parties who have misappropriated the same.

That it is not true that the stock was sold at a uniform price of thirty dollars per share, but much stock was sold at $12.50 per share to bankers, and they were to have a commission on stock sold to others so that said stock subscribed for by bankers was practically given to them; that it was not provided that the cost of the sale of stock should not exceed twenty per cent. of the price for which it was sold, but that Gardner, who acted as secretary, claimed he was entitled to a salary of five hundred dollars per month, and twenty-four per cent. on all stock sold by him.

That by reason of said frauds so knowingly perpetrated on them by the officers and agents of said companies, your orators are entitled to have the sales of stock to them rescinded and set aside.

That there is on deposit in the First National Bank at Pittsfield $2,750, money paid by your orators and certain notes and checks, and that the receivers appointed in the State of Missouri are attempting to withdraw said money, notes and checks from said bank and remove the same to the State of Missouri.

The bill prays that the receivers so appointed in Missouri be restrained from taking said money and notes from the bank in Pittsfield; that the bank be restrained from paying the money on deposit and delivering the said notes to the Missouri receivers; for the appointment of a local receiver to collect said notes and checks and draw the money from said bank and that when the rights of the parties are ascertained

that the court will order a distribution of said money, notes and checks among your orators and for general relief. A temporary injunction was granted and a receiver appointed in Pike County.

The defendant, the First National Bank of Pittsfield, answered the bill and admits that it has certain notes signed by certain of complainants sent to it for collection by the Continental Assurance Company of America before the appointment of the receiver in St. Louis and $2,702.50, on deposit for which it had issued certificates of deposit to the Continental Assurance Company of America; that it is not advised of the rights of the parties and that it is willing to abide by the decree of the court.

Matt G. Reynolds, receiver, answered stating that the Continental Assurance Company is a corporation and that during its organization its officers were engaged in selling stock in various states. He admits that on the application of certain parties, he had been appointed receiver on June 10, 1910, and that the complainants had purchased certain amounts of stock and states the number of shares of stock purchased by each complainant with the amount paid therefor; that the money was deposited in the First National Bank of Pittsfield, and certificates of deposit issued therefor to the Continental Assurance Company, which are now in possession of Matt G. Reynolds, receiver; that notes taken in payment of stock had been sent to said Continental Assurance Company to its home office at St. Louis, and that certain of said notes describing them have been sent by the receiver to the First National Bank of Pittsfield and are now held by it for collection, and that the situs of said deposits and credits is in the State of Missouri; that the complaining stockholders stand in the same relation to the company as all other stockholders; that the stock sold to complainants was sold on the same plan as all other stock sold by said companies and denies all fraud and that complainants are entitled to the relief prayed.

The cause was submitted on the bill, answer, and evidence heard in open court, and a decree rendered finding the facts as alleged in the bill, continuing the receivership, directing the First National Bank of Pittsfield and L. A. Chamberlain, trustee, to turn over to Edward Doocy, receiver, all moneys, notes and papers which they now have in their possession claimed by Matt G. Reynolds, receiver, and D. Lacey Crawford, receiver, as part of the assets of said defendant corporations. The decree further orders that Edward Doocy, receiver, take possession of all the moneys, notes and papers now in the possession of said First National Bank of Pittsfield, and L. A. Chamberlain, trustee, and redistribute the same back to the persons entitled thereto, in proper proportions, after paying the costs and expenses of this suit, including his reasonable compensation and solicitor's fees, and report his acts to the court. Reynolds, the receiver of the defendant corporations appointed by the court in St. Louis, Missouri, appeals from the decree of the Pike County Circuit Court.

CHASE, MORSEY and PAUL F. GROTE, for appellant.

ANDERSON & MATTHEWS, HENRY BUSH and HESS & CROW, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The appellant contends that the money and notes received by the agent of the proposed corporations having been deposited in the First National Bank at Pittsfield and certificates of deposit issued for the money in the name of the corporations, and forwarded to the office of defendants at St. Louis, the situs of the funds is in St. Louis, and that the Circuit Court of Pike County has no jurisdiction over the matters in controversy, or over the proposed corporations.

The bill was filed by the complainants to set aside

the contracts made by them for the purchase of stock in the proposed corporations, on the ground of fraud and misrepresentation made in the sale of such stock. The decree finds and the evidence sustains all the allegations of fraud contained in the bill. The moneys received for the sale of stock were all to remain in Illinois, in the possession of a local trustee, until the proposed corporations obtained licenses from the State of Missouri, authorizing them to do business. The issuing of certificates of deposit with the sending of such certificates, and the promissory notes made by some of the complainants to St. Louis, out of the State of Illinois, was a fraud on the complainants and contrary to the agreement upon which the subscriptions were obtained. The proposed corporations only reached a preliminary stage in their organization, when fraud was discovered in their management. The fact that receivers were appointed in St. Louis will not justify the receipts from the subscriptions for stock in Illinois being sent or taken by the Missouri receivers to St. Louis in fraud of the agreement under which the subscriptions were made. The situs of the proceeds of the subscriptions for stock was by agreement under which the subscriptions were made, to be in Illinois until the proposed corporations were authorized to do business. The proposed corporations never having been authorized to do business in Missouri, in equity the situs of the proceeds must be held to have remained in Illinois. The subscriptions of the complainants, residents of Illinois, having been obtained by fraud, the proceeds should not be permitted to be removed from Illinois, by a foreign receiver for the benefit of subscribers for stock in other states, when the Illinois subscribers are entitled to have their subscriptions canceled and their money refunded to them because of the fraud perpetrated on them by the promoters of said proposed corporations in procuring such subscriptions.

It is further contended that the subscriptions for

stock being in writing, parol evidence is not admissible to add to the terms of the written subscription. While that is the rule at law, it is not the rule in equity, where fraud is alleged. Grand Tower & C. G. R. Co. v. Walton, 150 Ill. 428; Race v. Weston, 86 Ill. 91.

It is also contended that there is error in the appointment of Edward Doocy as receiver in Illinois. Doocy is the Master in Chancery in Pike County, and one of the complainants. A party to a suit or a master in chancery is not competent to act as receiver; the receiver should be an impartial and indifferent person. Benneson v. Bill, 62 Ill. 408; Watson v. Cudney, 144 Ill. App. 624.

The appointment of Doocy was erroneous, but harmless to appellant, if the decree was otherwise harmless.

The decree directs the receiver, appointed by the Circuit Court of Pike County, to receive and the First National Bank of Pittsfield and L. A. Chamberlain, trustee, to turn over to Edward Doocy, receiver, all moneys, notes and papers which they now have in their possession claimed by Matt G. Reynolds and D. Lacey Crawford, receivers, as part of the assets of said corporations. The bill was only filed to cancel the subscriptions made by complainants and to secure to complainants the moneys and notes so obtained from them by fraud. While the decree settling the rights of the parties as between complainants and defendants is substantially correct, there are some errors requiring a reversal of the decree. The record shows that there are some subscribers to the stock of said corporations, residing in Pike County, who have paid money or given notes on their subscriptions, who are not parties to this suit, and that there is more money on deposit in the bank at Pittsfield than complainants have paid on their subscriptions. The court should not have ordered the receiver to take possession of anything except the moneys paid and notes

made by complainants, since the bill only asks relief concerning such moneys and notes.

The decree also was erroneous in directing the receiver to fix and retain his own compensation as receiver and to fix and pay his solicitor's fees and distribute the remaining moneys and notes amongst the complainants; the court thereby delegated to the receiver the duties of the court and made the receiver the judge of his own compensation and of the fees of his solicitor. The decree is erroneous in the particulars indicated.

The decree will be reversed and the cause remanded with directions to the court to appoint an impartial receiver to collect and receive the moneys paid and notes made by complainants, or any of them, and to refer the cause to a special master to take the evidence and report the same with his conclusions, and for the court to enter a final decree directing the return of the payments and notes made by complainants to them.

*Reversed in part and remanded with directions.*