[Civ. No. 1737.    Second Appellate District.—May 29, 1915.]

QUARTZ GLASS & MANUFACTURING COMPANY (a Corporation), Respondent, v. W. H. JOYCE, Appellant.

ACTION UPON PROMISSORY NOTE—PAYMENT OUT OF STOCK DIVIDENDS— CONTEMPORANEOUS WRITTEN AGREEMENT—ADMISSION OF GENUINE- NESS AND DUE EXECUTION.—Where in an action by a corporation to recover upon a promissory note the answer admits the execution of the note but alleges that it was executed upon a written agreement that payment thereof should be made out of dividends to be declared and paid upon certain shares of the capital stock of plaintiff by it

sold to defendant and for the purchase price of which the note was given, the genuineness and due execution of such written agreement is admitted, where no affidavit denying the genuineness and due execution of such agreement is filed or served as provided by section 448 of the Code of Civil Procedure.

ID.—CORPORATION LAW—ISSUANCE OF STOCK FOR PROMISSORY NOTE.—Such promissory note is not invalid under the provisions of section 359 of the Civil Code prohibiting corporations from issuing its stock "except for money paid, labor done or property actually received," as a promissory note is "property" within the meaning of such section.

ID.—PURCHASE OF STOCK—SECRET AGREEMENT BETWEEN CORPORATION AND PURCHASER—PAYMENT OUT OF DIVIDENDS—VOID AGREEMENT.— A secret agreement between a corporation and a purchaser of its stock that the stock shall be paid for out of dividends to be declared upon the stock is invalid, as the effect thereof is to make a gift of the stock, with the corporation reserving the right to dividends thereon in a sum equal to the amount of the note, and such agreement constitutes no defense to an action brought by the corporation on the note.

ID.—SUBSCRIPTION FOR STOCK—SECRET AGREEMENTS—WHEN VOID.— Any secret agreement between a subscriber for stock in a corporation and the corporation or its agents or promoters by which he is allowed to subscribe upon different terms than other subscribers, is void, as it is a fraud upon the latter, and any secret agreement by which such a subscriber is to be released in whole or in part from liability on his subscription is likewise void, as a fraud upon other subscribers and future creditors of the corporation.

ID.—INVALIDITY OF AGREEMENT—VALIDITY OF NOTE NOT AFFECTED.—A promissory note given to a corporation for the purchase of stock is not void, because of the fact that a contemporaneous agreement providing that the note shall be paid for out of dividends declared upon the stock is void.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.  J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, and William A. Barnhill, for Appellant.

Hickcox & Crenshaw, for Respondent.

SHAW, J.—This was an action to recover upon a promissory note made by defendant to plaintiff.

Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

The answer admitted the making of the note, but alleged that it was executed upon the express condition and understanding that payment thereof should be made out of dividends to be declared and paid upon certain shares of the capital stock of plaintiff by it sold to defendant and for the purchase price of which the note was given; that contemporaneously with the making of the note and as a part of the transaction plaintiff and defendant executed a written agreement as follows:

"For a certain valuable consideration, and in lieu of a certain promissory note given by W. H. Joyce, party of the first part, to the Quartz Glass & Manufacturing Co., party of the second part,

"Party of the first part agrees and authorizes party of the second part to apply all accrued dividends which may be declared on stock certificate #38 and 39 of the Quartz Glass & Manufacturing Co. as part payment and liquidation of the amount due on said note with all accrued interest. When said note is fully paid, party of the second part agrees to surrender said stock certificates with canceled note to party of the first part.

"This agreement to remain in force until the dividends accrued from said stock shall have fully paid face value of note with all interest accrued until paid.

"In witness whereof, we have hereto set our hands this eleventh day of April, 1908.

"W. H. JOYCE.
"QUARTZ GLASS & MFG. CO.,
"GEO. F. EISENMAYER, Gen'rl. Mgr."

Plaintiff's objection to the reception of this document in evidence, was sustained, as likewise were objections to all evidence tending to establish this collateral secret agreement that the note was to be paid out of dividends upon the stock.

Respondent justifies the ruling so made upon the grounds: First, "that it did not appear that said written agreement had been executed by the corporation; second, that it did not appear that said agreement was ever properly authorized by the corporation; third, that said contract was illegal and *ultra*

*vires."* The first two reasons assigned in support of the ruling are disposed of by reference to section 448 of the Code of Civil Procedure, which provides that: "When the defense to an action is founded on a written instrument, and a copy thereof is contained in the answer, . . . the genuineness and due execution of such instrument are deemed admitted, unless the plaintiff file with the clerk, within ten days after receiving a copy of the answer, an affidavit denying the same, and serve a copy thereof on the defendant." No such affidavit was filed or served, and the genuineness and due execution of the document set forth in the answer and upon which appellant based his defense, must be deemed admitted by reason of this provision.

The question then presented is whether or not the document and other evidence tending to establish the agreement alleged in the answer was admissible as a defense to the cause of action.

While the stock for the purchase price of which the note was given was at the time issued and delivered to defendant, he nevertheless strenuously insists that the note is invalid for the reason that section 359 of the Civil Code, prohibits corporations from issuing its stock "except for money paid, labor done, or property actually received." This contention is answered in an opinion of the supreme court filed in *Pacific Trust Co.* v. *Dorsey,* 72 Cal. 55, [12 Pac. 49], where, after quoting the section of the code it is said: "The word 'property' includes property, real and personal, and the words 'personal property' include 'things in action and evidences of debt.' (Civ. Code, sec. 14.) The defendant's note was actually received by the corporation, and was a thing in action or evidence of debt."

The stipulation which defendant sought to establish was in the nature of a secret agreement severed and distinct from his contract to pay for the stock and whereby he was assured of an advantage over other purchasers of stock, in that while they paid for their stock he was relieved from any obligation to pay for that issued to him. True, he was to apply any dividends declared thereon in liquidation of the note. The effect of the transaction, however, was to make a gift of the stock to defendant, the corporation reserving the right to dividends thereon in a sum equal to the amount of the note. That such an agreement could not be pleaded in defense of an action

brought upon the note by creditors of the corporation, is conceded by appellant, and we think it equally clear, since the capital of a corporation is a trust fund for the benefit of its creditors, that it constituted no defense in a like action brought by the corporation. The arrangement, if consummated, gave defendant the voting control of the stock so issued, thus according to him an equal voice with the other stockholders in the control and management of the corporation. It was therefore a discrimination against other stockholders who, believing the note was not fictitious, but what it purported to be, were required to and, relying upon the good faith of defendant's purchase, did pay full value for such privilege and as to whom such agreement constituted a fraud. Moreover, the issuance of stock without other consideration than such note evidencing his promise to pay therefor would, if appellant's contention be sustained, result, as stated, in making to him a gift of the stock. "It is obvious," says Mr. Thompson in his work on Corporations, section 1580, "that they (the directors) have no power, without the consent of the beneficiaries in the trust, to give away the trust funds." Numerous authorities might be cited to the effect that secret agreements made by the corporation with purchasers of its stock by which they are allowed to acquire the same upon different terms than other subscribers, constitutes a fraud upon the latter. (*White Mountain R. R. Co.* v. *Eastman,* 34 N. H. 124; 10 Cyc. 433; 26 Am. & Eng. Ency. of Law, p. 914; Cook on Corporations, sec. 210; Purdy's Beach on Private Corporations, sec. 253.) In section 467c, Clark and Marshall on Private Corporations, it is said: "It has been held, therefore, in many cases, that any secret agreement between a subscriber for stock in a corporation and the corporation or its agents or promoters, by which he is allowed to subscribe upon different terms than other subscribers, since it is a fraud upon the latter, and any secret agreement by which he is to be released, in whole or in part, from liability on his subscription, since it is a fraud both upon the other subscribers and upon persons who afterwards become creditors of the corporation, is void, and the subscription may be enforced by the corporation." In our opinion, the agreement embodied in the stipulation and which defendant sought to prove was void, and therefore the court did not err in the ruling as to which complaint is made.

Appellant insists that if such agreement is void, it must follow that the note is likewise void. To so hold would be to give full effect to the fraud, thus releasing defendant from the obligation to pay for the stock so issued and held by him with the incidental privileges of a stockholder. As said in *White Mountains R. R. Co.* v. *Eastman,* 34 N. H. 124: "To hold that by the fraud the whole contract as between the parties is void, would but increase the injustice as to the other subscribers, for it would throw upon them the whole of that proportion of the common burthen which the intestate held out to them he had assumed; while, on the other hand, by holding that the contract which the parties held out to them as the true one was in fact the contract made by them—all secret stipulations rendering it other than that being void as fraudulent toward third persons—the contemplated fraud is defeated and perfect justice done to the other subscribers, and at the same time, in so holding, no wrong is done to the parties, of which either has reason to complain."

In our opinion, the judgment and order appealed from should be and the same are affirmed.

Conrey, P. J., and James, J., concurred.