[Civ. No. 1719.   Second Appellate District.—February 19, 1916.]

## JULIA R. DOX et al., Respondents, v. R. E. LOMAX COMPANY (a Corporation), Appellant.

CONTRACT — SALE OF CORPORATION STOCK — FRAUD — AUTHORITY OF AGENT.—Where one securing a purchaser for stock of a corporation represents the corporation in so doing, it must be assumed that he possesses all the usual and ordinary authority of such a sales agent, and actionable misrepresentations made by such agent in the sale are chargeable to the corporation, and a recovery against the corporation therefor may be had.

ID.—RIGHT TO RECOVER PURCHASE PRICE OF STOCK.—Where the agent of a corporation in the sale of its stock falsely represented that the corporation was doing a profitable business and earning a profit of not less than ten per cent on invested capital, and that during the whole period of its existence a dividend of ten per cent had been paid, which representations were relied upon by the purchaser, whereas, in truth the corporation at that time was not earning profits, but was insolvent, the purchaser may maintain an action for the recovery of the purchase money.

ID. — RIGHTS OF CREDITORS. — Creditors of the corporation whom the records do not show became creditors subsequent to the sale are not injured by a judgment in favor of the purchaser for the recovery of the purchase money, and cannot complain.

APPEAL from a judgment of the Superior Court of Los Angeles County.   William D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

Norman A. Bailie, for Appellant.

A. W. Sorenson, for Respondents.

JAMES, J.—The plaintiff sued to recover the sum of one thousand dollars, with interest, alleged to have been paid in December, 1912, as the purchase price for two hundred shares of the capital stock of defendant corporation. She alleges that coincident with the making of that purchase, and as a part of the contract, the corporation defendant executed in her favor the following writing:

"R. E. Lomax Co.
"Los Angeles, Cal., Dec. 6, 1912.
"This is to guarantee that in event of Mrs. Julia R. Dox wishing to sell her stock at any time—on six months' notice the above Co.—(R. E. Lomax Co.—) will purchase it at its face value— This also guarantees a profit of not less than 10% per annum.
"R. E. Lomax Co.,
"J. P. T."

In a separate cause of action she alleged that she was induced to purchase the stock by reason of certain false representations made by defendant, to the effect that the corporation was doing a profitable business and earning a profit of not less than ten per cent on the invested capital, and that during the whole period of the existence of the corporation a dividend of ten per cent had been paid. There was added by amendment a cause of action for money had and received. A stipulation of facts was filed in the case, and judgment followed in favor of plaintiff for the recovery of one thousand dollars, with interest at seven per cent from the date of the purchase of the stock. The appeal is from that judgment.

In the stipulation of facts it is admitted that plaintiff purchased the shares of stock described in her complaint for the consideration therein stated on or about the sixth day of December, 1912, and "that the negotiations for the sale and purchase of said stock were on the part of said R. E. Lomax Company conducted by one J. P. Tait, who was then and there a director and officer, to wit: Vice President of said R. E. Lomax Company, . . . " It was further admitted that Tait

had signed and issued the guaranty contract set out in plaintiff's complaint, and that R. E. Lomax, president and general manager of the corporation, had knowledge of the guaranty and consented thereto; that on the ninth day of June, 1913, the plaintiff notified the company that she elected to sell and dispose of her stock in accordance with the terms of the writing, and that upon the expiration of the six months' period prescribed in said contract she tendered to the company the certificate of stock, with an assignment thereon properly executed, and demanded the sum of one thousand dollars and that she had tendered into court the certificate for the two hundred shares. It was further stipulated that the corporation had received the one thousand dollars and had used it in its corporate business. Further facts were stipulated as follows:

"That on or about the 6th day of December, 1912, said J. P. Tait and said R. E. Lomax, in order to induce said plaintiff to purchase said stock, and to pay therefor the sum of One Thousand Dollars ($1,000), represented to said plaintiff that said corporation was then and there doing a profitable and lucrative business and earning a large profit on its invested capital; that in truth and in fact said corporation was at said time not doing a profitable and lucrative business and was not earning a profit on its invested capital, and was at said time insolvent; that plaintiff relied wholly on said representations and she would not have entered into said contract, or paid the said sum of One Thousand Dollars ($1,000), or any part thereof for said certificate of stock had it not been for said representations; that the said plaintiff did not discover the falsity of said representations so made to her by said defendants until on or about the 1st day of June, 1913, and that on the 16th day of December, 1913, she offered to return to said defendants said certificate of stock with a properly executed assignment thereof, and notified defendants, and each of them, of her election to rescind said contract and to return everything of value to defendants, which she had received under and by virtue of said contract, and demanded that defendants pay to her the sum of One Thousand Dollars ($1,000) ; that said stock was at all times worthless. That at the time the aforesaid representations were made by way of inducement, the individuals making them believed them to be true."

Other facts were stipulated showing that in May, 1913, a resolution of the board of directors of defendant corporation was adopted authorizing the president to file a voluntary petition in bankruptcy, or to execute a general assignment for the benefit of creditors; that 9,850 shares of the total 11,600 shares were transferred to two persons as trustees for the benefit of the creditors, who, subsequent to that time, had managed the corporation and had, up to the time of the filing of the stipulation of facts, realized but fifteen per cent of the amounts due to the general creditors of the corporation, and that the corporation had not assets enough to pay all of the creditors in full. The tender of the stock and the demand upon the acting officers of the corporation were admitted.

It is insisted on the part of appellant that the guaranty contract, so called, was never properly executed so as to bind the corporation. It seems that this was so. The contract was not regularly executed by the president and secretary with the seal of the corporation attached, nor was it shown that the directors had knowledge of its existence, other than that the president and vice-president had knowledge thereof. Without giving any effect to the alleged contract, we find, however, in the stipulation of facts, as we have quoted above, that Tait, who secured the plaintiff as a purchaser of its stock, represented the corporation in so doing; hence it follows that he was an agent for that purpose and, we must assume, possessed all the usual and ordinary authority of such a sales agent. Actionable misrepresentations made by such an agent, as they were shown to have been made to this plaintiff, in our opinion, may unquestionably be chargeable to the corporation and a recovery be sustained by reason of such fraud. It will be noted that in the stipulation of facts it was agreed that, instead of a profit being derived from the business of the corporation at the time of this stock transaction, the corporation was in fact insolvent. There is but little serious disagreement in the authorities that, under such facts as are here stipulated, a stock purchaser may successfully maintain an action for the recovery of his money. (*Curtin* v. *Salmon River etc. Co.*, 141 Cal. 308, [99 Am. St. Rep. 75, 74 Pac. 851].) It is claimed, further, on the part of appellant that rights of creditors have intervened since the purchase of this stock which will be improperly affected if the judgment as entered is allowed to stand. In refutation of this contention the stipulation of

29 Cal. App.—46

facts may again be referred to: In that stipulation it is shown that at the time of the sale of the stock the corporation was insolvent; it is shown that at a later date the creditors took over the management of the corporation and that they have since conducted its affairs. There is nothing at all shown among the stipulated facts to indicate that any of these creditors became creditors of the corporation subsequent to the time that the sale of stock to plaintiff was made. If they were creditors at the time of the sale, as we must assume in support of the judgment they were, then they parted with nothing upon the assumption that the one thousand dollars paid into the corporate treasury by the plaintiff was a part of the assets thereof. Otherwise stated, it appears that the creditors have had the benefit of the money of the plaintiff, which was obtained from her through the fraud of the authorized selling agents; that they have suffered no detriment in reliance upon the illegal contract obtained through the fraud of such agents. The corporation is still in existence, and is not in the hands of the court or conditioned in any way which may relieve it from the effect of this action.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 14, 1916.