[Civ. No. 1804.   First Appellate District.—September 21, 1916.]

TIDEWATER SOUTHERN RAILWAY COMPANY (a Corporation), Appellant, v. CAREY M. VANCE, Respondent.

CORPORATION—SUBSCRIPTION FOR STOCK—PAYMENT BY NOTE—RIGHT TO RECALL IN EVENT OF DISSATISFACTION WITH PURCHASE—VALIDITY OF AGREEMENT.—An agreement made by a fully organized corporation with a subscriber for a certain number of shares of its stock that the subscriber should have the right at any time within ten months after the date of the subscription agreement to cancel his subscription by recalling his note, if dissatisfied with his purchase, is enforceable against the corporation, where it is not shown that any later subscriber was defrauded by reliance upon such subscription, or that any subsequent creditor relied thereon in dealing with the corporation, or that there was any secrecy contemplated or connived at by the subscriber in the making of such agreement.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Meredith, Landis & Chester, for Appellant.

Johnston & Jones, and W. B. Good, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant in an action brought to recover the sum of $625, alleged to be due upon a promissory note executed and delivered by the defendant to the Tidewater Southern Railroad Company and by it assigned and transferred to the plaintiff herein.

The facts of the case are undisputed. On December 14, 1911, the defendant executed a subscription for five hundred shares of the capital stock of the Tidewater Southern Railroad Co., for which he agreed to pay $625 on or before ten months after date, giving his promissory note for that amount. The authorized agent of the corporation who solicited and received the subscription had two copies thereof, one marked "Original" and the other "Duplicate," both of which were signed by the defendant and the agent on behalf

of the corporation, the original being retained by him for the company and the duplicate being delivered to the defendant. On the back of the duplicate the following memorandum was written: "Dec. 4, '11. Ten months after date if holder of this contract is for any reason dissatisfied we agree to return note or cash equivalent.—H. C. Coffin, Tidewater Southern Railroad Co." This writing was not indorsed on the back of the original subscription retained by the agent for the company. Within ten months of the date of his subscription the defendant requested the return of his note, which request the corporation refused to comply with, but, on the contrary, transferred the note to the plaintiff herein, who brought this suit.

The defendant pleaded the foregoing facts by way of defense to the action, and upon proof of the same judgment went in his favor. Wherefore the plaintiff prosecutes this appeal.

The only material point involved in this appeal relates to the validity of the agreement indorsed upon the defendant's duplicate copy of his subscription which purported to entitle him to recall his note. The appellant contends that this collateral agreement not having been indorsed upon the original stock agreement and filed with the company, and thus brought to the knowledge of other stockholders and subscribers for stock and to the creditors of the corporation, is void. In support of this contention the appellant relies chiefly upon the case of *Quartz Glass Mfg. Co.* v. *Joyce,* 27 Cal. App. 523, [150 Pac. 648]. In that case, however, the question involved was the validity of a stock subscription agreement by the terms of which the promissory note given for the purchase price of the stock was to be paid out of dividends to be thereafter declared by the corporation. The court held that this practically amounted to a gift of the stock in violation of the provision of section 359 of the Civil Code, and that the said agreement of the parties having that effect was therefore void. It is true that the court in that case also adverted to the quite well-recognized rule that secret collateral agreements as to stock subscriptions, by which the subscriber gains an advantage over other subscribers, are void, for the reason that such secret advantages are in the nature of a fraud upon subsequent subscribers and upon persons who afterward become creditors of the corporation. The

authorities cited in that case and amplified by the appellant herein refer in the main to subscriptions for the stock of corporations prior to the incorporation of the company or during the initial stages of its life when sales of its stock are being promoted, and when subsequent subscribers have relied upon the integrity upon their face of prior subscriptions. This, however, is not the situation presented in the instant case. The Tidewater Southern Railroad Company had been fully organized before the respondent's subscription to its stock was made, and it does not appear that there was any later subscriber who could have been defrauded by his reliance upon the respondent's subscription; nor does it appear that there was any subsequent creditor of said corporation who could or did rely thereon in dealing with said corporation; nor is it shown that there was any secrecy contemplated or connived at by the respondent in the making of the collateral agreement by which he was permitted within ten months thereafter to cancel his subscription by recalling his note; nor that he had any knowledge of the fact that the authorized agent of the corporation failed to also indorse such agreement upon the original subscription which said agent retained on behalf of the corporation. Whatever secrecy there was in respect to this agreement was imparted entirely by the corporation itself through the act or neglect of its authorized agent; and this being so, and no rights of subsequent subscribers or creditors being involved in the case, it would be a manifest fraud upon the defendant to permit the corporation to take advantage of its own wrong by repudiating its agreement while enforcing the defendant's note, which was evidently given only because of the reservation in said agreement permitting its recall.

This case is in many respects similar to the case of *Schulte v. Boulevard Gardens Land Co.,* 164 Cal. 464, [Ann. Cas. 1914B, 1013, 44 L. R. A. (N. S.) 156, 129 Pac. 582], wherein the court made use of the following apt language applicable to the instant case: "The right to return the stock and recover the sum agreed to be paid upon such return was a material and indivisible part of the consideration upon which the plaintiff agreed to become a stockholder. As between the parties, it would be manifestly unjust to permit the corporation to retain the money paid by plaintiff and at the same time repudiate the promise which it gave in exchange for the

money. ' The obligation to pay upon the return of the shares the sum agreed to be paid is not to be viewed as a new undertaking arising after the plaintiff has assumed the relation of stockholder. The sale to plaintiff was conditional. He never became a stockholder except subject to the qualification that he might return his shares upon the stipulated terms.'' (*Schulte* v. *Boulevard Gardens Land Co.*, 164 Cal. 464, [Ann. Cas. 1914B, 1013, 44 L. R. A. (N. S.) 156, 129 Pac. 582].)

The case at bar presents an even stronger instance for the application of the rule above laid down, for the respondent herein never in fact became a stockholder of the corporation, since no stock was to be issued to him until his note was paid.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1916.