## REIFF v. NEBRASKA-CALIFORNIA COLONY CO.

(Circuit Court of Appeals, Eighth Circuit.   December 5, 1921.)

No. 5604.

1. **Evidence ⬡441(1)—Evidence of prior negotiations not admissible to alter written contract.**

In the absence of fraud or mutual mistake, no representation, promise, or agreement made, or opinion expressed, in the previous parol negotiations, as to the terms or legal effect of the resulting written contract can be permitted to prevail, either in law or in equity over the plain provisions and proper interpretation of the written contract.

2. **Corporations ⬡448(1)—Not bound by representations or agreements of promoters.**

A corporation is not bound by the representations, promises, or agreements of its promoters.

3. **Corporations ⬡82—Agreement by promoters intended to deceive subscribers to stock of corporation void for fraud.**

An agreement by promoters of a corporation that, if defendant would subscribe for stock to influence others to do so, they would later return his notes *held* void as a fraud on other subscribers.

4. **Corporations ⬡432(6)—Evidence held not competent to establish agency for corporation.**

Evidence that an oral agreement with defendant that, if he would assign certificates of stock of a corporation issued in defendant's name, but not delivered, his notes given therefor would be returned, was made by a director, who had the certificates in his possession *held* not competent to prove his authority from the corporation to make such agreement.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action at law by the Nebraska-California Colony Company against John B. Reiff. Judgment for plaintiff, and defendant brings error. Affirmed.

Henry H. Wilson, of Lincoln, Neb. (Elmer J. Burkett, Elmer W. Brown, and Ralph P. Wilson, all of Lincoln, Neb., and Sackett & Brewster, of Beatrice, Neb., on the brief), for plaintiff in error.

J. S. McCarty and G. W. Berge, both of Lincoln, Neb., for defendant in error.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

PER CURIAM. Defendant in error brought suit in the court below upon two promissory notes executed by plaintiff in error. The defendant, plaintiff in error, in his answer admitted the execution of the notes. As a defense he alleged, in substance, that in July, 1913, one

H. B. Smith and one C. W. Glough represented to him that they and others were about to organize a corporation under the laws of the state of California for the purpose of buying lands located in that state; that they wanted him to subscribe for stock in the proposed company, because he was influential in the neighborhood where he lived in Gage county, Neb., and stated that if he would sign notes and ostensibly become a stockholder in the proposed company it would aid them in obtaining other subscriptions in his neighborhood; that if thereafter at any time he was not perfectly satisfied with his investment they would cancel his notes and sell to others the stock subscribed for by him, assuring him that they would take the stock off his hands and surrender his notes to him at any time he was not perfectly satisfied; that in reliance upon the representations thus made to him he signed and delivered certain notes to said Smith. He then alleges, in substance and so far as material here, that in the month of November following the same parties came to his home and represented to him that if he would execute notes payable to one Anderson as trustee, in lieu of the notes theretofore signed by him and payable to said Smith, and that if at any time in the future he should not be perfectly satisfied with his investment, the corporation would surrender the new notes, and he would be released from all liability thereon and cease to be a stockholder in the company; that, relying upon said representations, he executed said new notes. The notes sued upon in this action are the notes last above mentioned.

As a further defense the defendant alleged, in substance, that in November, 1914, the said Smith above named, as the agent of the plaintiff and authorized by the plaintiff in that behalf, entered into an oral agreement with him at the city of Beatrice, in Nebraska, by the terms of which it was agreed that if he, the defendant, would assign to plaintiff the certificates theretofore issued in the name of the defendant, but never delivered to him, and which represented his subscription to the capital stock of the plaintiff corporation, plaintiff would cancel and deliver up to him the notes sued upon in this action; that the said Smith produced said certificates of stock, and he, the defendant, signed the blank assignments on the back thereof; that said certificates of stock so assigned were retained and taken away by said Smith, acting for and in behalf of the plaintiff; that plaintiff has neglected and failed to surrender said notes, as it agreed to do.

The plaintiff company was incorporated under the laws of California in December, 1913. At the trial the defendant made offers of proof in respect to the several matters alleged in his answer. Upon objection the testimony was excluded. The defendant excepted, and has assigned the rulings of the court as error.

[1] The testimony offered to prove the oral agreements alleged to have been made between the defendant and Smith and Glough in July and November, 1913, was not admissible because:

" 'In the absence of fraud or mutual mistake, no representation, promise, or agreement made, or opinion expressed, in the previous parol negotiations, as to the terms or legal effect of the resulting written contract, can be permitted to prevail, either in law or in equity, over the plain provisions and proper interpretation of the contract.' N. Y. Life Ins. Co. v. McMaster, 87 Fed. 63, 71,

30 C. C. A. 532, 540: Conn. Fire Ins. Co. v. Buchanan, 141 Fed. 877, 897, 73 C. C. A. 111, 131, 4 L. R. A. (N. S.) 758; Omaha Cooperage Co. v. Armour & Co., 170 Fed. 292, 297, 95 C. C. A. 488, 493." Sioux Falls Nat. Bank v. Klaveness, (C. C. A.) 264 Fed. 40.

[2] A corporation is not bound by the representations, promises, or agreements of its promoters. Penn Match Co. v. Hapgood, 141 Mass. 145, 7 N. E. 22; Miser Gold M. & M. Co. v. Moody, 37 Colo. 310, 86 Pac. 335; Jones v. Smith (Tex. Civ. App.) 87 S. W. 210; Fletcher, Cyclopedia Corporations, vol. 1, § 150.

[3] The alleged agreements entered into between the defendant and said Smith and Clough constituted a fraud upon the other subscribers to the capital stock of the corporation and were void. Huster v. Newkirk Creamery Co., 42 Okl. 790, 141 Pac. 790, L. R. A. 1915A, 390; Quartz Glass & Mfg. Co. v. Joyce, 27 Cal. App. 523, 150 Pac. 648; Fletcher, Cyclopedia Corporations, vol. 2, § 606.

[4] It appears that H. B. Smith was a director of the plaintiff corporation at the time the alleged agreement of November, 1914, was entered into between him and the defendant. But the fact that he was a director of the plaintiff corporation, though supplemented by the fact that he had the certificates of stock issued to defendant in his possession, does not tend to prove that he had authority in behalf of the plaintiff to enter into the agreement alleged in the answer. Read v. Buffum, 79 Cal. 77, 21 Pac. 555, 12 Am. St. Rep. 131; Fontana v. Pacific Can Co., 129 Cal. 51, 61 Pac. 580; Chandler v. Robinett, 21 Cal. App. 333, 131 Pac. 891; Dox v. R. E. Lomax Co., 29 Cal. App. 718, 156 Pac. 874.

As the offer of proof of the transaction of November, 1914, was properly excluded on the ground above indicated, it becomes unnecessary to discuss or decide whether the plaintiff would have been bound by the agreement, had said Smith been authorized by plaintiff to enter into it. We find no error in the record.

Judgment affirmed.

HOOK, Circuit Judge, sat in the case, concurred in the conclusions reached, but died before this opinion was written.