# CHARLESTON.

## Cumberland Co-Operative Bakeries Inc. *v.* H. T. Lawson and H. S. Fisher.

### Submitted May 9, 1922.   Decided May 23, 1922.

1. Corporations—*Contract for Sale of Capital Stock of Foreign Corporation not Doing Business Within Meaning of Section 30, Chapter 54 Code.*

   A contract made in this State by a foreign corporation for sale of its capital stock is not a part of the business which it was organized to conduct, and does not constitute doing business in the State within the meaning of Sec. 30, Chap. 54, Code, which prohibits a foreign corporation from doing business, or from bringing or maintaining any action or suit in this State until it shall have accepted the provisions of that section in the manner therein designated, and has been duly admitted to hold property and transact business in the State. (p. 247).

2. Same—*Responsible for False and Fraudulent Representations of Material Facts of Officers or Agents in Sale of Capital Stock if They Accept the Benefits.*

   A corporation is responsible for the false and fraudulent representations of material facts made by its officers or agents authorized and empowered to sell shares of its capital stock to subscribers by which representations they are induced to purchase or subscribe for its stock, if it accepts the benefits, even if it did not authorize such representations. (p. 247).

   91 W. Va.

3. Same—*False and Fraudulent Representations of Agent Wilfully Made in Sale of Capital Stock Will Entitle Purchaser Relying Thereon to Rescind Purchase and Defend Against Recovery on Purchase Note.*

Fraudulent and false representations of (material facts, falsely and wilfully made by an agent of a corporation authorized by it to sell its capital stock, by means of which false and fraudulent representations a purchaser or subscriber relying thereon is induced to purchase or subscribe for such stock, will entitle the purchaser to rescind the purchase or subscription, within a reasonable time, and constitutes a good defense to an action by the corporation to recover on a note given for such stock.      (p. 249).

4. Pleading—*Plea in Bar of Suit on Note Given for Stock of Corporation Brought Upon False and Fraudulent Representation of Agent is Defective if it does not Tender Return of Stock Certificate if Delivered.*

A plea in bar of a suit on such note setting up such false and fraudulent representation is defective if it does not tender a return of the certificate of shares of stock delivered as consideration for such note, if such certificate has been issued and delivered.      (p. 250).

Certified from Circuit Court, Randolph County.

Actions by the Cumberland Co-ooperative Bakeries, Incorcorporated, against H. T. Lawson and against H. S. Fisher on notes executed by them, in which defendant pleaded nil debit.      Motion for judgment·      Upon joint motion of the parties the court certified for review its action in permitting and refusing pleas.

*Affirmed in part. Remanded in part.*

*Talbott & Hoover* and *D. H. Hill Arnold,* for defendants.

Lively, Judge:

These two cases will be considered in one opinion, as the questions for decision are practically identical in each case.·

Plaintiff proceeded by way of notice of motion for judgment against the defendants on notes executed by them. The Fisher note is for the sum of $300.00, dated July 1, 1920; and the Lawson note for $750.00, dated June 23, 1920. Each defendant pleaded nil debit; and each tendered special plea

No. One, which the court would not permit filed; Fisher tendered and was permitted to file, over objection of plaintiff, his two special pleas Nos. 2 and 3; and Lawson tendered and was permitted to file, over like objection, his special plea No. 2. Upon joint motion of the parties the court has certified for review its action in the premises.

Special plea No. One tendered and refused in each case avers that the notes were given by defendants as evidence of a subscription to shares of class B non-voting capital stock in plaintiff company, at a time when plaintiff was a non-resident corporation and had not been admitted to hold property and transact business in this state, and for that reason could not maintain its suit. The court properly refused this plea. A foreign corporation which has not been admitted to hold property and transact business in the state under Sec. 30, Chap. 54 of the Code, is not prohibited thereby from selling its shares of capital stock in the state, nor from maintaining suits for enforcement of its contracts for such sales. *Underwood Typewriter Co.* v. *Piggott,* 60 W. Va. 532. "Holding property and doing business" relates to the ordinary purposes for which the corporation was formed; hence, the sale of its capital stock is not within the meaning of the statute, and does not constitute "doing business." *Clark* v. *Kansas Petroleum Co.,* 144 Mo. App. 182; *Bank* v. *Leeper,* 121 Mo. App. 688, 97 S. W. 636; *Union Trust Co.* v. *Sickles,* 125 App. Div. (N. Y.) 105; *Southworth* v. *Morgan,* 143 App. Div. (N. Y.) 648.

Special plea No. 2 is practically the same in each case and avers that the notes were obtained from defendants by fraudulent and false representations made by plaintiff through its officers, employees and agents; that it was represented to defendants by them that plaintiff was a going concern making large profits, to-wit, $200.00 each day in the City of Cumberland in the State of Maryland where it was engaged in business, and at other places in the said state; and that defendants by purchasing capital stock would participate therein; that it, plaintiff, intended to build and operate a large plant in the City of Elkins from which large profits would be real-

ized, and had purchased (and in the Lawson plea had paid for) a lot in the City of Elkins for that purpose, and had purchased machinery, then in transit, to operate said plant, all of which was false and fraudulent, but on which defendants relied. They aver that since the execution and delivery of the notes sued on, they have found the facts to be that the plant in the City of Cumberland had been and was then operating at a loss, as well as the other two plants in the State of Maryland; that while plaintiff had purchased a lot in the City of Elkins it had not paid for the same, nor any sum thereon in excess of $10.00, and yet owed as purchase money $8,990.00, and that said purchase was a false and fraudulent scheme for the purpose of obtaining subscriptions to its capital stock and was not made in good faith; that it had not purchased any machinery to be shipped to its supposed plant in the City of Elkins; that on these false and fraudulent representations alone and without any other consideration the notes were given; by reason of which defendants have sustained damages to the amount of said notes and the interest thereon.

Fisher's plea No. 3 avers that he paid $15.00 per share for his stock upon the fraudulent and false representation that no stock was being sold for less; whereas, in truth and fact the stock was then being sold to other persons at $10.00 per share, all of which was unknown to him and on which he relied.

Do these pleas constitute a valid defense? Plaintiff says that they do not, because the fraud is not alleged in definite and specific terms; and that they do not allege that the corporation had knowledge of the supposed false and fraudulent representations made by its selling agents. The pleas say that the notes were obtained by plaintiff by fraud and deceit practiced upon defendants by plaintiff through its officers, agents and employees, and specifically set out the acts and representations made, that they were untrue, material, were relied upon by defendants, and by which they were induced to enter into the contract and execute and deliver the notes. Did the corporation have notice of these alleged false

and fraudulent representations? A corporation cannot function except through its officers, agents and employees; and if the false and fraudulent representations were made by its officers, it is difficult to perceive want of knowledge in the corporation. It is also urged that the pleas do not aver authority from the corporation to its agents to make these representations in the sale of its capital stock, and, defendants when dealing with the agent were charged with knowledge of his authority as such, and if the agent exceeded his authority, the corporation will not be bound. When an officer or agent of a corporation is authorized to sell capital stock or receive subscriptions therefor, and makes false or fraudulent representations of a material character which induce a person to buy or subscribe, the corporation is responsible for the fraud whether the representations were authorized or not. *Alabama Foundry* v. *Dallas,* 127 Ala. 513; *Dox* v. *Lomax Co.,* 29 Cal. App. 718; *Melendy* v. *Keen,* 89 Ill. 395; *Joyce* v. *Eifert,* 56 Ind. App. 190; *Vreeland* v. *New Jersey Stone Co.,* 29 N. J. Eq. 188; *McClanahan* v. *Ivanhoe Land Co.,* 96 Va. 124; *Cox* v. *National Coal & Oil Co.,* 61 W. Va. 291; *Waldo* v. *Chicago, St. P. & F. R. Co.,* 14 Wis. 575; *Tyler* v. *Savage,* 143 U. S. 79; *Jones* v. *Bankers' Trust Co.,* 235 Fed. 649. As was said in *Jones* v. *Bankers' Trust Co.,* cited, ''This is true because the corporation can act only through its agents, and the acts of its agents in and about its business are the acts of the principal. Likewise the company is bound by such representations, because they are within the apparent scope of the authority of the agent selling, and because the company by accepting the fruits of the agency will not be heard to deny the authority of the agents in the use of means to secure such fruits.'' A subscription to capital stock in a corporation procured by fraudulent representations is voidable when the subscriber discovers the fraud, and is a good defense to a suit by the corporation to recover the amount subscribed, unless the subscriber has, after discovering the fraud, ratified the contract. *West End Real Estate Co.* v. *Nash,* 51 W. Va. 341; *Virginia Land Co.* v.

*Haupt,* 90 Va. 533, 7 R. C. L. p. 238. There is nothing in the record which suggests ratification by defendants.

Do the facts alleged in the pleas constitute a good defense if proven? Mere opinions or statements of future prospective profits or value will not generally invalidate a sale or subscription although relied upon. *Parker* v. *Thomas,* 19 Ind. 213. The representations must be material matters of fact, and relied upon by the subscriber. The representations here made are substantially: that plaintiff's business was being conducted in Cumberland, and at other points in Maryland at large profit, whereas, it had always been conducted at a loss; that a lot had been purchased in the City of Elkins, and in the Lawson plea, paid for, whereas, a lot had been contracted for at $9,000.00 and not more than $10.00 paid; that machinery had been purchased and was in transit for the bakery and tea room at Elkins, whereas, no machinery whatever had been purchased; and that these representations were falsely and wilfully made. False representations that the corporation is solvent and in a prosperous condition have been held to be a good defense. *Tyler* v. *Savage,* 143 U. S. 79; *Newbegin* v. *Newton Nat. Bank,* 66 Fed. 701. Also that the corporation had purchased or owned certain property or rights. *Savage* v. *Bartlett,* 78 Md. 561; *Ramsey* v. *Thompson Mfg. Co.,* 116 Mo. 313; *Waldo* v. *Chicago, St. P. & F. R. Co.,* 14 Wis. 575; *Lehman-Charley Co.* v. *Bartlett,* 135 N. Y. App. Div. 674; *Cunningham* v. *Morris,* 56 Wash. 341, 105 Pac. 839; and our case of *Cox* v. *National Coal & Oil Co.,* 61 W. Va. 291. In *Savage* v. *Bartlett,* cited, the representation was that the company owned certain property when in fact it only had an option to purchase it. Fisher's special plea No. 3 avers that the stock was sold to him at $15.00 per share under the false statement that none could be purchased for a less sum when at the same time, it was being sold by the corporation at $10.00 per share. A like representation was held to be a fraudulent representation of a material fact in *Briggs* v. *Reynolds,* 176 Ill. App. 420.

A subscriber may set up fraud as a defense in an action at law by the corporation to recover the amount of the sub-

91 W. Va.

scription or the price in case of a sale, or upon a note given by him in payment. *West End Real Estate Co.* v. *Nash,* 51 W. Va. 341. When a rescission of a contract is pleaded and sufficient cause therefor set up, in order to make good the defense the plea must offer to restore the status quo. These pleas are subject to criticisms because it is not clear whether the pleader is relying upon rescission, or upon recoupment for damages. They are indefinite in that regard. If recission is relied upon, in order to make his defense good he must return, or offer to return, anything of value he has received as an inducement to subscribe, or for which he gave his note, or any dividends or profits he has received. It is not clear whether defendants received certificates of stock in plaintiff corporation in exchange for the notes sued on. There is no allegation that the stock was worthless, and if certificates have been delivered, the pleas should tender a return. Defendants cannot be exonerated from payment of the notes and retain the stock. Their damages claimed under the pleas are, as they aver, equal to the notes sued on and the accrued interest. A plea of this character should be exact and set up the necessary elements of rescission in order to make complete defense. The pleas should either aver that no certificates of shares of stock were exchanged in consideration of the notes; or if such certificates were delivered, then a tender of their return. For this reason we think pleas No. 2 in each case, and Fisher's plea No. 3 should have been rejected; and so answer the question certified.

*Affimed in part.    Remanded in part.*